## W. L. & L. A. WHITE v. A. T. GARDNER AND ANOTHER.

1. A. and J. were partners in the stock-raising business, under articles of agreement providing that in the event of the death of either of the partners the business might be continued by agreement between the survivor and the personal representative of the deceased.   In 1859, J. died, and A., the surviving partner, administered on his estate.   The principal assets of J.'s estate consisted in his interest in the partnership business.   Under directions of the probate court, A. converted the assets of

J.'s estate into Confederate money, and that into Confederate States bonds. Under the foregoing statement of facts it is *held,* that by administering on J.'s estate, A. placed it beyond his power to continue the business ; and in converting the assets of the estate into an illegal currency, he was guilty of a *devastavit,* and the order of the probate court will not protect either the administrator or the sureties on his bond.

2.  Under our blended system of equity and common law, it is unnecessary to institute a preliminary action to fix a *devastavit ;* the bond may be put in suit and the liability and amount of damages ascertained in one action.

APPEAL from Kaufman.   Tried below before the Hon. John G. Scott.

This suit was brought by the appellants as heirs of J. R. Jordan, deceased, against A. T. Gardner and A. B. Johnson, sureties on the administration bond of T. C. Andrews, deceased. In 1859, Andrews administered on the estate of J. R. Jordan, and in 1867 he died, without having closed the administration. The facts upon which this suit is predicated are sufficiently implied in the head-notes and the opinion of the court.   Judgment was rendered in the court below in favor of the defendants, and plaintiffs appealed.

*J. J. Hill,* for the appellants.

*T. J. Word* and *A. M. Jackson,* for the appellees.

WALKER, J.   T. C. Andrews and J. R. Jordan were partners in stock-raising, under articles of agreement which provided that, in case of the death of one of the partners, the business might be continued by agreement between the survivor and the personal representative of the deceased.

In 1859 Jordan died, and Andrews administered on his estate, which appears to have consisted mainly, if not entirely, of his interest in the partnership assets.   By administering on Jordan's estate, Andrews placed it beyond his power to continue the partnership business.   As the surviving partner of the firm, he was its legal representative for the purpose of

*D*

settling and adjusting all its business affairs. As the administrator of Jordan's estate, he became the legal custodian and manager of it for all the purposes of administration. Under the direction of the probate court, he appears to have converted the assets into Confederate money, and, under an order of the court, to have converted the money into Confederate States bonds.

It can hardly be insisted that these orders of the court can protect the administrator or the securities on his bond. They were totally without authority of law and are void. Under the decisions of this court, it must be held that an administrator who converts the assets of an estate into an illegal currency, is guilty of a *devastavit*; and under our practice, our equity and common law jurisdiction being blended, no preliminary action to fix the *devastavit* need be brought. . The bond may be put in suit, and the liability and the amount of damages may be ascertained, in the same suit. The judgment of the District Court is reversed, and the cause remanded.

Reversed and remanded.