### Adelia Lessoff v. S. P. Gordon.

Decided December 10, 1910.

**1.—Parent and Child—Tort by Child—Liability of Parent.**

At common law the father was not liable for the torts of his child committed without his knowledge, consent, participation or sanction, and not in the course of his employment of the child.

**2.—Master and Servant—Injury by Servant—Liability of Master.**

It is the universal rule that whether the act of the servant be of omission

or commission, whether his negligence or even wrongful misconduct occasion the injury, so long as it be done in the scope of his employment, his master is responsible in damages to third persons; and this, even though the master disapproved of or forbade the act. But the master is not liable for the acts of his servant when said acts are not only unauthorized but are not connected with, incident to or within the real or apparent scope of the employment.

### 3.—Domestic Animal—Injury by—Liability of Owner.

In a suit against the owner of a cow for damages for personal injuries inflicted by the cow while being driven on the streets of a city by the owner's son, evidence considered and held insufficient to show liability of the owner.

Appeal from the District Court of Galveston County. Tried below before Hon. Lewis Fisher.

*W. F. Kelly,* for appellant.—It is negligence for a fourteen-year-old boy, who is inexperienced in horseback riding and handling of cattle, to run and drive a cow upon the streets, alleys and sidewalks of a city, in violation of the ordinances of said city. Ficken v. Jones, 28 Cal., 617; 2 Cyc., 374; 1 Thompson, Neg., 849.

A father is liable for the torts of his minor son who is living with him and under his direction, when such tort is committed by the son while using such father's horse in and about such father's business. Park v. Johnson, 23 Texas Civ. App., 46; Houston & T. C. R. Co. v. Bell, 73 S. W., 56; St. Louis S. W. Ry. Co. v. Mayfield, 35 Texas Civ. App., 82; McCann v. Consolidated Trac. Co., 38 L. R. A., 236; Schaefer v. Osterbrink, 30 N. W., 923; Hart v. New Orleans & C. Ry. Co., 36 Am. Dec., 689; Evans v. Davidson, 53 Md., 245, 36 Am. Rep., 400; Baldwin v. Abraham, 57 N. Y. App. Div., 67; 26 Cyc., 1519; 29 Cyc., 1665-6.

No brief for appellee.

McMEANS, ASSOCIATE JUSTICE.—Suit by appellant, Adelia Lessoff, against appellee, S. P. Gordon, to recover damages for personal injuries sustained by appellant by reason of being run over by a cow belonging to appellee which was being driven on the streets of the city of Galveston by appellee's minor son.

Appellant, in effect, alleged that on the date of her injury appellee was the owner of a dangerous and vicious cow which he kept on his premises in the city of Galveston, and which he, on said date, negligently permitted to escape and run loose upon the streets, and that he negligently and carelessly drove and caused the cow to be driven by his minor son, who was not a competent person to handle and drive such a cow and who drove the cow in a careless and unskillful manner upon the sidewalk in front of plaintiff's residence, where the cow, without fault of plaintiff, gored her, knocked her down, broke her arm and otherwise injured her. She prayed for judgment for $2,000.

The defendant answered by general denial and specially pleaded that the cow was permitted to escape from the pen, where she was confined, by trespassers who entered his cow-lot without his knowledge or consent, leaving the gate open; that he was not present when the cow escaped, and that without his knowledge or consent, and against the

express wishes of defendant's wife, his minor son undertook to catch the cow and return her to the cow-lot, and that the injuries received by plaintiff through the attempt of his said son to pen the cow were received by her as the result of such unauthorized act of his said minor son.

The case was tried before the court without a jury, and after hearing the evidence the court rendered judgment in favor of defendant, and plaintiff appeals. No briefs for appellee are on file.

At the request of the plaintiff the court filed its findings of fact, which are as follows:

"Plaintiff and defendant are both residents of the city and county of Galveston, Texas; that the plaintiff is a widow, about forty-two years of age, and earns her livelihood by means of sewing; that she has no other means of making a living; that on or about the 3d of September, 1908, she was run into and knocked down by a cow belonging to the defendant; that at the time of the accident she was on the sidewalk in front of her residence; that she was bruised and injured about the abdomen and her clothes badly torn and her right arm was broken between the wrist and elbow; that the fingers on the right hand were sprained, and that her injuries are probably permanent.

"That as a result of the injuries sustained she suffered considerable pain, physical and mental; that since the injury she has been unable to do work of any character towards making a living for herself.

"The court further finds the facts to be that the defendant, S. P. Gordon, was the owner of the cow which injured Mrs. Adele Lessoff, the plaintiff; that the defendant had owned the cow for about four years, during which time the cow was never known to develop any vicious habits, but on the contrary was a gentle cow; that the defendant kept the cow at his residence on Twenty-ninth Street between Avenues H and I in the city of Galveston, Texas; that the enclosure in which she was kept was well fenced and the gate consisted of a double gate with a bar on the inside.

"That on the day of plaintiff's injuries, the defendant Gordon was absent from home; that when he left home the cow was safely enclosed. That about 4 o'clock in the afternoon of September 3, 1908, some negro boys were playing baseball in a lot near the defendant's cow-lot, when one of the boys knocked a ball into the defendant's cow-lot; that one of said negro boys climbed the fence into the said cow-lot for the purpose of recovering the ball; that in leaving the cow-lot the negro boy opened the gate and the boy and the cow came out of the gate about the same time; that a few minutes thereafter defendant's minor son, Herbert Gordon, who was playing nearby with other boys, but not with the negro boys heretofore mentioned, saw the cow leave the lot and immediately ran home and secured a horse, which he mounted and attempted to drive the cow back into the lot, and in doing this the cow traversed through several streets, in a trot, in the neighborhood, during which time the said cow hooked or butted the plaintiff as heretofore recited. That the cow ran over or frightened one child, and also shook her head at one or two other persons while she was out on the streets and defendant's son was attempting to drive her home; that the defendant's son had no experience in driving

cattle and testified that this was the first time that he had ever been on horseback; that defendant's son left his home in express violation of his mother's wishes, his mother at the time of his leaving in pursuit of the cow calling to him to come back. That his father was not at home at the time and had given the son no instruction in the premises. That while defendant's son was attempting to return the said cow to the pen she ran about the streets and sidewalks in the neighborhood; that the cow appeared to be excited and was frothing at the month. That the defendant's son, Herbert Gordon, is fourteen years of age and attends school; that he did not have charge of the cow and never attended her, except occasionally to give her some hay; he does not milk the cow. The boy lives at home with his father and does not work other than to do errands around the home; he does those things which his father tells him to do if he feels like it; it is not his duty to look after things about the place when his father is absent from home.

"Defendant owned the horse on which his son was riding; defendant testified that if the cow got out during his absence it would not be a part of his son's duty to drive her home and back into the lot, and 'if the cow got out and Herbert was to put her back into the yard, I would not whip him for that; if the cow got out and he would pen her I would be glad of it, but I don't mean that he shall do this when I am at home; then I would pen her myself;' that the cow had never been out on the streets before.

"That if plaintiff had been entitled to recover any damages under the foregoing facts, the court would have assessed the damages at seven hundred and fifty dollars."

Upon the foregoing findings of fact the court concluded, as a matter of law, that the evidence disclosed no liability of appellee for the injuries sustained by appellant.

Appellant by her second assignment of error complains that "The court erred in concluding as a matter of law that there was no liability on the part of defendant to plaintiff for the injury she sustained by reason of the collision with the cow of defendant while being driven in the manner and at the time and place as shown by the evidence and the court's findings of fact." In the proposition following she urges that "A father is liable for the torts of his minor son who is living with him and under his direction, when such tort is committed by the son while using such father's horse, in and about his father's business."

Appellant contends that, while a father is not liable for the torts of his minor son by reason alone of such domestic relation, that the facts in this case show liability on the part of appellee for the tort of his minor son upon the principle of master and servant, and that this case should be determined by the rules applicable to that relation.

It seems well settled that at common law the father is not liable for the torts of his child committed without his knowledge, consent, participation or sanction, and not in the course of his employment of the child. (Ritter v. Thibodeaux, 41 S. W., 492; Chandler v. Deaton, 37 Texas, 406; Schouler, Dom. Rel., sec. 263, 29 Cyc., 1665.) If, then, the appellee can be held liable for the act of his son in causing appel-

lant's injuries, the liability does not grow out of the relation of parent and child, but must be based on the relation of master and servant, and is governed by rules applicable to such relation (29 Cyc., 1665). It is stated to be the universal rule that, whether the act of the servant be of omission or commission, whether his negligence or even wrongful misconduct occasion the injury, so long as it be done in the scope of his employment, his master is responsible in damages to third persons. And it makes no difference that the master did not give special orders; that he did not authorize, or even know, of the servant's act or neglect; for, even though he disapproved or forbade it, so long as the act was done in the scope of the servant's employment, he is none the less liable. (Schouler, Dom. Rel., 490.) But the rule of the master's liability for the acts of his servant does not extend to unauthorized acts not connected with, incident to or within the real or apparent scope of the employment. If, therefore, the servant does an act not necessary to or arising properly from his service and the reasonable scope thereof, whereby an injury is inflicted upon the person of another, the servant alone is liable, for the master can not be held in law to contemplate any extraordinary act of his servant not authorized directly or indirectly, and which is outside of and unnecessary to a proper performance of the service; the criterion for determining the master's liability in such cases is to ascertain if the act was done within the real or apparent scope of the authority of the master. (Rogers, Dom. Rel., 795.) The court in its findings of fact, which are not challenged by the assignment of error, finds that the act of appellee's son which resulted in injury to the appellant was done without the knowledge of the father and against the express wishes of his mother; that appellee had given the boy no instructions in the premises; that the boy did not have charge of the cow, and that he never attended to her except to give her hay occasionally.

We think the evidence wholly insufficient to show that the acts of the boy were within the scope of any duty or service exacted of him by the appellee, or to show facts which authorize a judgment against appellee for the act of his son based on the relation of master and servant, and that under the facts found by the court judgment was properly rendered for appellee. This conclusion relieves us from the necessity of passing upon the only other question raised by appellant's assignment of error. The judgment of the court below is affirmed.

*Affirmed.*