### KLAPPROTH et al. v. SMITH.

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 17, 1912.)

1. CUSTOMS AND USAGES (§ 8*)—CONTRAVENTION OF LAW.

In an action to charge defendants for loss of a horse and buggy hired by defendants' minor sons, it was error to admit evidence for plaintiff of a custom among the people of the particular town to permit their children to hire horses and buggies.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. §§ 8–10; Dec. Dig. § 8.*]

2. PARENT AND CHILD (§ 13*)—TORTS OF CHILD—PARENT'S LIABILITY.

To charge a parent for a tort of his minor child, it must be shown that the tort was committed at the parent's direction, express or implied, or within the scope of the duties imposed upon the minor by the parent.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 145–151; Dec. Dig. § 13.*]

Appeal from Midland County Court; J. H. Knowles, Judge.

Action by W. A. Smith against H. Klapproth and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Caldwell & Whitaker, for appellants. Jno. B. Howard, for appellee.

DUNKLIN, J. A minor son of Herman Klapproth and a minor son of Burl Holloway hired a horse and buggy from W. A. Smith, a livery stable keeper in the town of Midland, who sued the fathers of the boys for damage for the loss of the horse and buggy alleged to have been caused by the negligence of the boys while driving the animal. The judgment was adverse to the defendants, and they have appealed.

[1, 2] A jury was waived, and the case tried before the judge of the court, who filed findings of facts and conclusions of law. The material findings of fact upon which the judgment was predicated were essentially that the damage sustained was due to the negligence of the boys in the use of the horse and buggy, and that their act in hiring was with the knowledge and consent of their respective fathers. Over objections urged by defendants, the plaintiff was permitted to testify that at the time the horse and buggy were hired there was a custom among the people of Midland, where defendants resided, to permit their minor children to hire horses and buggies from livery stables whenever such children saw fit to do so. In this ruling there was error. The rule permitting evidence of custom to explain the meaning of terms used in a contract or to supply omissions has no application to the issue upon which this evidence was admitted, nor are we aware of any other rule which would warrant such proof in a case like this. It is clear from other findings that this proof of custom had a material bearing upon the finding that the hiring of the horse and buggy was with the knowledge and consent of the defendants who, together with their sons, denied such knowledge and consent. In the absence of the latter finding, there would be no legal support for the judgment, for it is well settled that, in order to hold a parent liable for a tort committed by his minor child, it must be shown that the tort was committed at the direction of the parent, express or implied, or within the scope of the duties imposed upon the minor by the parent. Lessoff v. Gordon, 124 S. W. 182, and authorities there cited.

For the error noted, the judgment is reversed and the cause remanded.