## BENHAM v. TIPTON.  (No. 504.) *

(Court of Civil Appeals of Texas. El Paso. Dec. 16, 1915. Rehearing Denied Jan. 13, 1916.)

1. EXCHANGE OF PROPERTY ⬉⇒5 — LANDS — REMEDIES—RESCISSION FOR FRAUD.

The owner of lands in Texas who was induced to exchange them for lands in Mexico by misrepresentations of the owner and his agent that such lands in Mexico were good and smooth, while, in fact, they were rough and worthless, had a cause of action to rescind the contract for fraud.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 5, 6, 8–10; Dec. Dig. ⬉⇒5.]

2. EXCHANGE OF PROPERTY ⬉⇒5—REMEDIES— RESCISSION FOR FRAUD—REPRESENTATIONS.

Where the owner of land in Mexico, proposing to exchange them for lands in Texas, when asked by the Texas owner regarding the Mexican lands, stated that he had not been in Mexico, had not seen the land, and knew nothing personally about it, but referred the Texas owner to a third person then present for definite information, who confirmed the Mexican landowner's previous assertions that the land was good and smooth, possessing value, such representations, in fact false, the Mexican land being worthless, were of a character to support a suit for rescission of the contract of exchange for fraud, although what one states to another merely as his information touching the subject of a transaction will not support an action for rescission.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 5, 6, 8–10; Dec. Dig. ⬉⇒5.]

3. EXCHANGE OF PROPERTY ⬉⇒8—REMEDIES— FALSE REPRESENTATIONS — SUFFICIENCY OF EVIDENCE.

In a suit to rescind an exchange of lands as having been induced by defendant owner's false representations, evidence held sufficient to sustain a finding that defendant and his agent made positive misrepresentations of fact.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. ⬉⇒8.]

4. TRIAL ⬉⇒351 — REFUSAL OF SPECIAL ISSUES.

The refusal of a special issue requested by a party is not erroneous where the same question was submitted and answered.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 829, 834–839; Dec. Dig. ⬉⇒351.]

5. APPEAL AND ERROR ⬉⇒216—RESERVATION OF GROUNDS OF REVIEW—INSTRUCTIONS.

An appellant who did not prepare and ask a special charge cannot take advantage of error in the charge given.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. ⬉⇒216; Trial, Cent. Dig. §§ 627–641.]

6. TRIAL ⬉⇒260 — INSTRUCTION COVERED BY THOSE GIVEN—BURDEN OF PROVING FRAUD.

In action to rescind an exchange of lands as having been induced by false representations, where the general charge contained a charge up-

---

on the burden of proof, the refusal to defendant of a special charge that fraud is never presumed, but must be proved by competent evidence, was proper.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. ⚌260.]

7. EXCHANGE OF PROPERTY ⚌5—REMEDIES—RESCISSION FOR FRAUD—FRAUD.

Where the owner of lands in Mexico, proposing to exchange them for Texas lands, recklessly stated that his Mexican lands were good and valuable, which was false, having no knowledge of the truth or falsity of the statement, so that it was calculated to convey the impression that he knew it to be true, such representation was fraudulent, supporting the other owner's suit for rescission of the exchange.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 5, 6, 8–10; Dec. Dig. ⚌5.]

8. EXCHANGE OF PROPERTY ⚌8—REMEDIES—RESCISSION FOR FRAUD — JUDGMENT — SUPPORT BY FINDING.

In suit to rescind an exchange of lands as having been procured by fraud, where plaintiff plead defendant's misrepresentations, and the testimony of witnesses was confined to the statements charged, which were all material, without anything in the record indicating that the jury considered anything not material in reaching their verdict, their answer to a special issue that the representations were relied upon by plaintiff's agent was not insufficient to support judgment for plaintiff in that it could not be ascertained whether the representations taken into consideration were matters of opinion, or those upon which an action for fraud could be based.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 14–18; Dec. Dig. ⚌8.]

Appeal from District Court, Ector County; S. J. Isaacks, Judge.

Suit by G. E. Tipton against Henry Benham. Judgment for plaintiff, and defendant appeals. Affirmed.

Scott & Brelsford, of Cisco, for appellant. F. A. Judkins, of Odessa, Chas. Gibbs, of Midland, and W. E. Allen, of Dallas, for appellee.

HARPER, C. J. [1] Appellee, plaintiff below, brought this suit against appellant, defendant below, and for cause of action alleged that he was the owner of about 2,558 acres of land in Crane county, Tex., and that defendant was the owner of certain lands in the republic of Mexico; that they agreed to exchange said properties, the exchange was consummated, and plaintiff executed and delivered his deed to defendant and received a certificate of transfer from defendant to two blocks of land, as agreed.

He further alleged that he had been induced to make the contract by false representations made to him by defendant and his agent, one Wasson, substantially as follows: That defendant represented that blocks 37 and 45 in the estate of Rio Cajones in the republic of Mexico was worth $5 per acre; that it was situated in a broad valley, in the tropical section of Mexico; that said land was fertile, level, all tillable, and suitable for agricultural purposes; that he (plaintiff) was ignorant of the location, valuation, character, or description of the land; that, in addition to defendant's claim that he was familiar with the land in Mexico, he (defendant) represented to plaintiff and his agent that one Williamson and one Wasson were also in possession of valuable information as to the value of the land, knew its adaptability for agriculture, and specifically referred plaintiff and his agent to them for further information concerning the lands, and represented to plaintiff that said Williamson and Wasson were truthful and reliable men; that plaintiff and his agent applied to said persons for information, and that they confirmed in all things the representations made by defendant, and furnished plaintiff with literature which purported to minutely describe said lands; that on account of the assertion of defendant as to the said Williamson and Wasson being reliable and truthful men, and that they were possessed with valuable information concerning the lands, plaintiff believed the statements made and also the facts asserted in the literature; that he had confidence in the defendant and in the said Williamson and Wasson, believed the statements made by them and was thereby induced to make the exchange.

He further charged that the defendant and the said Williamson and Wasson conspired together to defraud plaintiff out of his said lands; that all the representations made by said persons and the literature furnished as to the location, description, and valuation of the lands in Mexico were false; that, in fact, the lands as described by the defendant and Williamson and Wasson, were mountainous, rough, unfit for cultivation, and practically worthless; that, if he had known of the true condition of the lands offered for exchange by defendant, he would not have agreed to exchange; that as soon as he discovered the facts he demanded a rescission and tendered back the title to defendant, etc.

Defendant answered by general and special exceptions to the petition upon the ground that the representations alleged to have been made were mere expressions of opinion, and therefore would not support a judgment, and denied that he entered into any conspiracy with Williamson and Wasson; that he made no false representations concerning the lands in Mexico; that he expressly stated to plaintiff and his agent that he knew nothing of his own knowledge about the lands he offered in exchange; that he had never seen it; and insisted that plaintiff examine the lands for himself; that plaintiff made the exchange upon his own responsibility and upon investigation from other sources than from defendant, and that he is estopped from claiming that defendant misled him or made any representations with reference to said land whatsoever.

The cause was submitted upon special issues, and upon the findings the court entered judgment for plaintiff for rescission of the contract, for title and possession of his lands, that defendant recover nothing, etc., from which this appeal is perfected.

The special issues and answers are as follows:

"No. 1. Did the defendant, Henry Benham, make representations prior to the consummation of the exchange of lands between plaintiff and defendant to plaintiff's agent, I. W. Tipton, that were false, in regard to the character of blocks 37 and 45 of the estate of Rio Cajones, situated in the republic of Mexico, as to the adaptability for agricultural purposes? Answer: Yes.

"No. 2. Did the defendant, Henry Benham, prior to the consummation of the trade in question, refer plaintiff's agent, I. W. Tipton, to C. L. Wasson for information concerning the Mexico lands? Answer: Yes.

"No. 3. If you have answered question number 2 in the affirmative then: Did the said C. L. Wasson confirm to plaintiff's agent, I. W. Tipton, the representations if any, made by the defendant, Benham? Answer: Yes.

"No. 4. If you have answered questions 1, 2, and 3 in the affirmative, then: Were such representations of material nature? Answer: Yes.

"No. 5. If you have answered questions numbers 1, 2, and 3 in the affirmative, then: Were the said representations relied upon by plaintiff's said agent? Answer: Yes.

"No. 6. If you have answered questions numbers 1, 2, and 3 in the affirmative, then: Did said false representations induce the plaintiff's agent, I. W. Tipton, to make the exchange of lands in question? Answer: Yes.

"No. 7. Was plaintiff damaged by the exchange of lands in question? Answer: Yes.

"No. 8. Did the defendant represent to plaintiff's agent prior to the contract of exchange of lands that he personally knew the character of the Mexico lands? Answer: No.

"No. 9. Did the defendant, Henry Benham, tell plaintiff's agent prior to the making of the exchange of lands that he, Benham, had never been in Mexico and had never seen the Mexico lands? Answer: Yes."

The first assignment charges that the court refused to pass upon appellant's demurrers to the petition, stating that it was a rule of the court that all exceptions must be called to the attention of the court before the jury was called into the box to try the cause; that this was error. The petition charges a good cause of action. It was therefore immaterial whether the demurrers were specifically passed on or not.

By the second, fourth, fifth, eleventh, twelfth, fourteenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second, and twenty-third assignments appellant urges in various ways that the judgment entered is not supported by the evidence, in that the statement charged to have been made by appellant were matters of opinion, and do not constitute a basis for an action for fraud.

The entire testimony concerning representations made by appellant relied upon by appellee to form the basis for his judgment is that of I. W. Tipton, as follows:

"Benham told me that on this land all kinds of tropical fruits, vegetables, cane, and almost everything. I think he named bananas, oranges, and one stuff and another, that way, you know— tropical fruits. He spoke to me with reference to the soil of these two blocks of land being fertile and smooth; described it as being as fine as could be. He claimed it to be bottom land, valley. Wasson was with him at the time. I am not sure whether or not Benham claimed to have been on this land himself, but he represented Mr. Wasson knew all about it, and whatever he would tell me I could depend on it being true. He referred me to Wasson as being possessed of knowledge in regard to the land. He said I could depend on whatever Wasson told me. I did receive communications from Wasson in regard to the land down there; letters or literature; I have quite a bunch of them here; that is a bunch of stuff I received from Wasson. I did not believe the representations made to me in regard to the land by Benham—well, I believed it right then."

On cross-examination he stated:

"I met Benham and Wasson at Midland because they sent me literature and I had read it and got in correspondence. I do not know that I asked them to come out; they came, though. They went down to Crane county to see the land. I proposed to trade my place if their land was what they recommended it to be. I think Benham told me that he did not know a thing in the world about the land; that he had never been in Old Mexico. Benham described the land as being as fine as could be, and recommended that other man for me to consult with. I did not suppose that he personally knew anything about it, only from what he had heard and talked with the company about it. Of course, I believed he ought to have known something about it. I thought that what he had stated to me about the land was from hearsay, but he recommended this other man, Wasson, as having been in Mexico and as knowing all about it, and that whatever he would tell me was true. Benham recommended it to be good, as fine as could be, as far as that is concerned; turned me over to Wasson to take his advice, what he said about it."

[2] The rule sought to be applied in this case by appellant is that what one states to another merely as his information touching the subject of a transaction will not support an action for rescission, if such was in fact the information received, though in fact it was untrue. But the facts stated by the witness are more than an expression of an opinion. They amount to positive representations of fact made as upon information. They were definite and material statements concerning the property in Mexico sought to be exchanged. While it is true Benham told witness that he had not been in Mexico, had not seen the land, and knew nothing personally about it, at the same time he refers witness, who was agent for appellee, to Wasson, who was then present, for definite information, a confirmation of the statements made with the assertion that he (Wasson) had been on the land and knew the facts to be as stated, and immediately upon being interrogated Wasson in all things confirmed the statements of appellant as to the value, condition, etc., of the lands. In addition to this, Tipton testifies that he received printed matter in the form of circulars from Wasson which confirmed the statements made by Benham and Wasson as being true. These representations come clearly within the rule laid down in Boles v. Aldridge (Sup.) 175 S. W. 1052, and Maddox v. Clark (Sup.) 175 S. W. 1053, by the Supreme Court, and, the evidence being

that the land so described was practically worthless, undoubtedly such facts should be held sufficient to uphold the judgment of the court.

[3] By some of these assignments and the propositions thereunder appellant urges that the preponderance of the evidence as to the representations made is in favor of appellant; therefore the judgment should not be permitted to stand. It is true, as urged by appellant, that Benham and Wasson denied that they made any positive representations of fact, and stated that they both informed appellees' agent that they had not seen the land, but there are many circumstances revealed by the record that would justify the jury in believing the appellee's evidence instead of the statements of these witnesses.

The fact that the land in Mexico was almost worthless, that these two men sought out the agent of appellee together, that literature was sent in to him, in all things confirming the very statements admitted to have been made, but asserted now to have been made simply upon information and belief, are strong circumstances in support of witness Tipton's testimony; for, if he would trade over 2,000 acres of land for something he had not seen, and without any information from any one who had seen it or claimed to have seen it, he certainly ought not to be permitted to trade his own property, much less others. All these things strongly indicate that the court trying the case is sustained in concluding that the testimony of these witnesses is not true.

[4] Assignment No. 3: The court did not err in refusing to give special issue No. 6 requested by defendant, to the effect that plaintiff's agent had good reason to believe at the time the trade was made that defendant, Benham, had not been in Mexico, because this question was submitted and answered.

The sixth is that the court erred in not sustaining defendant's exceptions to paragraph 2 of the charge, because the question asked is a matter of law.

[5] By reference to the said issue, as copied above, it will be seen that it is simply a question of fact; so we conclude that this assignment was intended to be the same as No. 8, which charges that the court erred in giving paragraph No. 4, because it did not explain the different representations which were matters of opinion and those that were not, to enable the jury to predicate their answer on material representations. In order for appellant to take advantage of this objection to the charge, he should have prepared and asked a special charge, which he did not do. This disposes of the fifteenth assignment, which is to the same effect.

[6, 7] The ninth charges that the court erred in refusing special charge offered by appellant to the effect that fraud is never presumed, but must be proved by competent evidence. The general charge contains a charge upon the burden of proof which was sufficient under the facts of this case. The plaintiff, under his allegations of fact, is not restricted to actual fraud. In Harris v. Shear, 177 S. W. 136, it is held that it is not always necessary that the speaker should actually know that representations made are false.

"If the statement is a matter susceptible of actual knowledge, and he makes it recklessly, without any knowledge of its truth or falsity, and in the form of a positive assertion, calculated to convey the impression that he knows it to be true, the representation is equally fraudulent."

The tenth assignment is:

"Because the answer of the jury to paragraph No. 1 of the court's charge is not supported by the evidence, in this, the testimony of Williamson, the only man who testified that he had ever been on blocks 37 and 45, was at least 50 per cent. of block 37, and greater per cent. of block 45, was smooth, undulating land, fertile, and suitable for agricultural purposes."

The answer is that the question is: Did Benham make false representations concerning the lands? So what Williamson may have testified has no application.

[8] The sixteenth is:

"Because the answer of the jury to special issue No. 5 is not sufficient upon which to predicate a judgment for plaintiff, in that it cannot be ascertained whether the representations taken into consideration by the jury in answering that issue were representations that were matters of opinion or representations upon which an action for fraud could be based."

The plaintiff plead definite statements, and the testimony of the witnesses is confined to those charged. They were all material, and there is nothing in the record which indicates that the jury considered anything not material in arriving at their verdict.

Finding no error in the record, the assignments are overruled for the reasons given above, and cause affirmed.