## TRAHAN v. SMITH et al.   (No. 757.)

(Court of Civil Appeals of Texas. Beaumont. March 14, 1922.)

**1. Trial ⚖═351(2)—Objection to special issue as not designating agents of defendant held insufficient without special request for charge.**

Where plaintiffs' statement before a justice of the peace claimed damages for the killing of their hog by "defendant's boys acting as his agent," a proposition that it was error not to instruct which of defendant's boys were sought to be made his agents will be overruled where no exception was taken to plaintiffs' statement nor to the introduction of evidence, and defendant did not prepare a proper special charge, as he should have done.

**2. Trial ⚖═350(3)—Expert testimony held to authorize special issue as to value of hogs.**

The testimony of two witnesses who claimed to know the value of hogs in the neighborhood and to be acquainted with plaintiffs' hog that such a hog as plaintiffs' was reasonably worth $60, and that an offer of $60 had been

⚖═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

made for it, is sufficient to warrant a special issue as to the market value of the hog.

**3. Appeal and error ⟐1064(4)—Charge referring .to greater weight of creditable testimony held harmless.**

Error in a charge defining. preponderance of the evidence as the greater weight of "creditable" testimony instead of "credible" did not render the charge misleading and was harmless.

**4. Appeal and error ⟐703—Assignment to refusal of special charge not appearing in record cannot be considered.**

An assignment of error in the refusal of the court's special charge limiting the testimony of plaintiffs' witness as complained of in the fourth assignment will not be considered where that assignment did not relate to any charge requested by appellant, and there was no such charge in the record.

**5. Evidence ⟐489, 568(4)—Opinion testimony as to value of hogs held competent and sufficient.**

In an action for the killing of plaintiffs' hog, testimony by two witnesses familiar with the market value of hogs in that neighborhood and who knew plaintiffs' hog *held* competent and sufficient to show the market value.

**6. Parent and child ⟐13(1)—Parent not liable for child's torts unless committed under his direction.**

As a general rule a parent is not liable for the tortious act of his minor child unless it was committed at the direction of the parent, express or implied, or within the scope of duties imposed on the minor by the parent.

**7. Parent and child ⟐13(1)—Parent abetting sons in dogging hog is liable for its death.**

Where a father counseled or abetted his sons in .dogging plaintiffs' hog, he is responsible for the death of the hog resulting from injuries inflicted by the boys and the dogs.

Appeal from Liberty County Court; Sam Houston Cain, Judge.

Action by Louise Smith and another against Joe Trahan. Judgment for plaintiffs in the county court on appeal from a justice of the peace, and defendant appeals. Affirmed.

J. F. Dabney, of Houston, and W. T. Norman, of Liberty, for appellant.

C. H. Cain and P. C. Matthews, both of Liberty, for appellees.

O'QUINN, J. This suit originated in the justice court of precinct No. 1, Liberty county, Tex. Louise Smith, joined by her husband, Calvin Smith, sued Joe Trahan for the value of one brood sow alleged to be worth $60, and the further sum of $50 as exemplary damages for the wrongful and malicious killing of said sow by the "defendant's boys," who, as his agents, servants, and employés, were alleged to have "killed said sow by beating and striking her, and having the dogs bite, tear, and injure said sow in such manner that she died within a few minutes from the effect thereof."

From a judgment in favor of plaintiffs for $60, the value of the sow, defendant appealed to the county court of said county, where, upon a trial before a jury upon special issues, verdict and judgment was rendered in favor of plaintiffs for $60, and, a motion for a new trial having been overruled, defendant appeals.

[1] Appellant's first proposition is:

"The court erred in its charge to the jury in not telling the jury which of appellant's boys were sought to be made the agents of appellant in killing the hog, and for such reason the charge was uncertain, as complained of in appellant's first assignment of error."

This assignment is overruled. Appellant in his answer pleaded general demurrer and general denial. No special exception was leveled at plaintiffs' statement of their cause of action, nor was any objection made to the introduction of any evidence offered by plaintiffs on that issue, nor was any special charge requested by defendant covering the issue suggested. The only objection made by defendant to .the matter, as complained, is in defendant's exception filed to the charge of the court, and is:

"Defendant excepts to that part of the court's charge in which the first special issue is submitted and designated as question No. 1, because it does not specify the two boys claimed by plaintiff to be the ones who caused the death of the hog, and is therefore uncertain and leaves the jury to select from the other boys of the defendant any that they might believe he told to dog the hogs."

If the court's charge was defective in the particular complained, for appellant to take advantage of this objection to the charge, he should have prepared a proper special charge and asked the court to give same, which he did not do. Benham v. Tipton (Tex. Civ. App.) 181 S. W. 510; Traction Co. v. Bradshaw (Tex. Civ. App.) 185 S. W. 951; McCarthy v. Blackwell (Tex. Civ. App.) 162 S. W. 1163.

[2] Appellant's second proposition is that the court erred in overruling his exception to the court's charge, wherein special issue No. 3 was submitted, directing the jury to find the market value of the sow alleged to have been killed, insisting that the issue of market value was not raised by the evidence. This assignment is overruled. Calvin Smith testified:

"I know the hog that was killed. It would weigh about 250 pounds. I know the price of hogs like that one that was killed, and a brood sow of her size and kind was reasonably worth $60. I was offered $60 for her not long before she was killed."

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Felix Trahan testified:

"I know the hog that Louise Smith lost and claims Joe Trahan's dogs killed. It was a gray Poland China hog and weighed about 200 pounds. I had it to keep and raise pigs on shares, and when she did not come home on Thursday I went out to look for her the next day. I found her dead in Joe Trahan's field, and I went up to Joe Trahan's house through his yard and talked to his daughter about the hog being dead. I have been engaged in raising hogs for a number of years, and I know the price for which they have been selling and were worth at that time. A brood sow like her was reasonably worth $60."

This evidence plainly shows that the witnesses were acquainted with the value of hogs such as the one here in question in that community, and that the hog was worth the sum claimed. In fact, the testimony shows that shortly before the hog was killed the owner had been offered and had refused to take $60 for her.

[3] Appellant's third assignment complains that the court erred in his charge, wherein he said "by the term 'preponderance of the evidence' is meant greater weight of creditable testimony," insisting that the use of the word "creditable" for the word "credible" rendered the charge erroneous and confusing in its terms and misleading, in effect, to the jury. The assignment is without merit. The use of the word "creditable" for "credible" could in no wise mislead or confuse the jury. If error it was harmless error.

[4] The fourth assignment alleges error in the court's refusing to give appellant's special charge limiting the testimony of plaintiff's witness Amelia Trahan to the issue of "whether appellant's dogs were such as would have killed a hog such as appellees claimed, as complained of in appellant's fourth assignment of error." The fourth assignment of error does not relate to any special charge requested by appellant, nor does any of his assignments mention such charge, nor is there any such charge to be found in the record. The assignment cannot be considered. However, had error been properly alleged, there would have been no error shown.

[5] Appellant's fifth proposition is:

"The court erred in admitting the testimony of Calvin Smith and Felix Trahan regarding the value of the hogs: (a) Because the testimony did not show the correct measure of damages; and (b) because the price offered appellees for the hog was not a proper guide by which to determine its value."

This assignment is overruled. We think the testimony not only raised the issue of the market value of the hog, but that it amply supported the verdict and judgment.

While there is no assignment suggesting fundamental error, appellant, in his brief, insists that "the burden of proof is on plaintiffs to show agency of the boys who they claim were responsible for the death of the hog," and that "defendant is not liable merely because his boys killed the hog, if they did, unless he had made them his agents, and the hog had been killed by their acts within the scope of their agency," and cites authorities to sustain the contention.

[6, 7] Appellant does not question the sufficiency of the evidence to support the finding of the jury that the hog died because of injuries inflicted by appellant's boys and dogs, only questioning its sufficiency to show that the boys were his agents at the time, and that their acts were within the scope of their agency, service, or employment. As a general rule, to hold a parent liable for the tortious act of his minor child, it must appear that the tort was committed at the direction of the parent, express or implied, or within the scope of duties imposed upon the minor by the parent. Klapproth v. Smith (Tex. Civ. App.) 144 S. W. 688; Lessoff v. Gordon, 58 Tex. Civ. App. 213, 124 S. W. 182; Burnett v. Oechsner, 92 Tex. 588, 50 S. W. 562, 71 Am. St. Rep. 880. If the appellant counseled or abetted his sons in dogging appellees' hog, he is responsible. Chandler v. Deaton, 37 Tex. 407. The jury found that appellant's boys were acting under his instructions in dogging the hog, and we think the evidence disclosed by the record is ample to sustain the finding.

No error being shown, the judgment is affirmed.