## MILLER v. PETTIGREW. (No. 486.)

Court of Civil Appeals of Texas. Eastland.
Oct. 12, 1928.

Barker & Orn, of Cisco, for appellant.
D. K. Scott, of Cisco, for appellee.

LESLIE, J. This appeal is from the county court at law of Eastland county. It grows out of a collision of W. W. Miller's truck while driven by his minor son, Charles, with G. J. Pettigrew's automobile, being driven at the time by his minor son. Pettigrew was the plaintiff below and W. W. Miller the defendant, and they will be referred to as in the court below. Judgment on special issues went in favor of plaintiff, and the defendant appeals.

By the first proposition the defendant complains of the action of the trial court in overruling the general demurrer urged by him to the plaintiff's petition. The demurrer is leveled at the petition because of an omission therefrom of an allegation that the defendant's son, in operating the truck, was the

agent or servant of the defendant (father) at the time of the collision, and for the further reason that there was no allegation that, if he were such agent, he was acting within the scope of his employment or the purpose for which said truck was maintained by the defendant. The law governing this class of cases is clearly and briefly stated in 2 Blashfield, Cyclopedia of Automobile Law, p. 1616, § 21:

"The burden of proof is upon the plaintiff to establish allegations of ownership by the defendant of the car inflicting the injuries for which suit is brought, that the person operating the car at the time of the accident was the defendant's agent or servant, and that he was acting within the scope of his employment when the accident happened, by a clear preponderance of evidence."

■■ From the plaintiff's petition it appears that his theory of the case is that the father is liable for the torts of the son by reason of the domestic relationship of parent and child. That is not correct. The father is not liable for the torts of his minor child solely upon the ground of that relationship. On the other hand, to charge a parent for the tort of his minor child, it must be alleged and shown that the tort was committed at the parent's direction, express or implied, or within the scope of the duty imposed upon the minor by the parent. Chandler v. Deaton, 37 Tex. 406; Lessoff v. Gordon (Tex. Civ. App.) 124 S. W. 182; Klapproth et al. v. Smith (Tex. Civ. App.) 144 S. W. 688; Ritter v. Thibodeaux (Tex. Civ. App.) 41 S. W. 492; Way v. Guest (Tex. Civ. App.) 272 S. W. 217; Brown et al. v. City Service Co. (Tex. Com. App.) 245 S. W. 656; Van Cleave v. Walker (Tex. Civ. App.) 210 S. W. 767; Allen v. Bland (Tex. Civ. App.) 168 S. W. 35; Ball v. Youngblood (Tex. Civ. App.) 252 S. W. 872.

■ There being no allegations in plaintiff's petition of these last elements which are essential as a basis of recovery in such cases, it follows that the defendant's contentions are correct, and that the general demurrer should have been sustained.

■ This reverses the case, but, in view of another trial, and should it be granted that the petition possibly states a cause of action, still the judgment of the trial court would have to be reversed for other reasons, some of which are:

Issue No. 2 was as follows:

"Was the driver of the truck driving same with the knowledge or consent of his father, or his brother John Miller, at the time of the alleged accident?"

Various objections were urged to the form of this issue, and proper assignments are made to the action of the court in overruling same and giving the issue. One error consists in the fact that the issue is duplicitous, and should not have been given in that form.

If it were material under proper pleadings to know whether the defendant or the son John Miller gave consent for the minor to drive the truck on the occasion of the collision, and the jury meant by its general answer of "Yes" that the defendant (father) gave such consent, then John Miller did not do so; and, if by that answer the jury found that John Miller gave the consent, then the defendant (father) was by such answer exonerated from any liability, and there was no verdict upon which to rest a judgment against him, and none should have been so rendered. The purported issue submitted and its answer taken together leaves it uncertain as to what finding the jury intended to make. Riske et al. v. Rotan Grocery Co., 37 Tex. Civ. App. 494, 84 S. W. 243.

■ The question should not inquire if the truck was driven with the "knowledge or consent" of the defendant. Mere knowledge, under such circumstances, would not render the defendant liable. To bind the defendant, the minor's acts should be with the defendant's consent, or his knowledge and consent. The issue should not have embodied any element with reference to John Miller, as he is not a party to the suit, and there were no allegations that the defendant was in any way bound by his acts and statements.

■ Issue No. 3 was as follows:

"Was the driver of the truck in question herein in the employ of his father at the time of the alleged accident, or attending to business of the father, at the instance of the father or brother, a partner of the father in the trucking business?"

The jury's answer was "Yes." It was fundamental error upon the part of the court to submit the issue because there is no pleading asserting liability upon the part of John Miller by reason of a partnership relation with his father, or any other character of relation that would render him liable. Sivalls Motor Co. v. Chastain (Tex. Civ. App.) 5 S.W.(2d) 185.

As stated, John Miller was not a party to the suit, and there were no allegations or pretense that John Miller and his father were partners, and there is no warrant in the pleadings or testimony for the court's assumption that John Miller was such partner. Did the jury by its answer to the question find that the driver of the truck was in the employment of the father at the time of the accident, or that the driver of the truck was in the employment of his brother John at said time? If the jury meant by such answer that he was in the employment of the brother, then clearly he was not in the employment of the father, and no judgment should have been rendered on the verdict against the father, the defendant. There are other questions that may be derived from the issue submitted, and, when they are taken in connection

with the affirmative answer, they destroy the meaning of each other, and become so uncertain and indefinite as not to form the basis of the judgment. Certainly the verdict of a jury should be the end of a controversy and not become the subject of one when the meaning of the verdict is under consideration.

If upon another trial the subject-matter of issue No. 2 and issue No. 3 become material under the pleadings to the disposition of the case, then each such issue, supported by testimony, should be separately and distinctly submitted, as required by article 2189, R. S., and the following authorities: Texas Electric Ry. v. Jones (Tex. Civ. App.) 262 S. W. 131; K. C., M. & O. Ry. Co. v. Weatherby (Tex. Civ. App.) 203 S. W. 793; J. M. Radford Grocery Co. v. Jamison (Tex. Civ. App.) 221 S. W. 998; Lancaster & Wallace v. Rogers & Adams (Tex. Civ. App.) 258 S. W. 283.

An issue of contributory negligence was presented by the pleadings and the testimony on the part of the defendant. By special issue No. 4 the court asked the jury if the driver of the automobile, by the manner in which he handled it, contributed to the damage to same. The defendant objected to the charge, because no definition of contributory negligence was given, and tendered a special charge defining the same. The objection was overruled, and the charge was refused. This was error upon the part of the court, for article 2189, R. S., provides:

"In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570.

It is unnecessary to comment upon other assignments in the record, as they pertain to matters which will probably not occur upon another trial.

The judgment of the trial court will be reversed, and the cause remanded.