## McCORMACK v. GRIFFITH.

### No. 3834.

Court of Civil Appeals of Texas. Texarkana.
March 27, 1930.

Rehearing Denied April 10, 1930.

L. J. Truett, of McKinney, for appellant.

Wallace Hughston, of McKinney, for appellee.

LEVY, J.

The suit was by the appellee to recover damages for the death of a mule and injury to a wagon caused by an automobile owned by appellant and negligently driven on the highway by the appellant's minor son. On Saturday night, about 11 o'clock, June 18, 1927, the appellee and his wife and two children were riding in a wagon drawn by two mules, going in a westerly direction on a highway which leads from Blue Ridge to Melissa. As they passed over a one-way bridge across Pilot creek an automobile going in a westerly direction ran into the wagon, causing injury to it and the death of one of the mules. The automobile was driven by appellant's son, aged nineteen years, who was accompanied by a boy companion. The automobile was owned by appellant.

The appellee pleaded as grounds of liability of appellant that: (1) The automobile was driven by the son with the permission of the father; (2) the automobile was maintained by the father for the general use and convenience of the family, and the son as a member of the family had general authority to drive it; and (3) the father permitted the son to drive the automobile, knowing that the son was a careless and reckless driver. The appellant answered by a general denial.

The case was submitted to the jury upon the following special issues:

"1. Did defendant's son, Jack McCormack, on the occasion in question negligently and carelessly drive said automobile against plaintiff's wagon and thereby damage the plaintiff's wagon and mule?" Jury answer: "Yes."

"6. Was defendant's son, Jack McCormack, at the time of said collision engaged in any work or labor for defendant, or in the transaction of any business for defendant?" Jury answer: "Yes."

"7. Did Jack McCormack on the occasion of the collision use said automobile with the knowledge and consent of the defendant?" Jury answer: "Yes."

"8. At the time of the collision in question was defendant's son, Jack McCormack, living with defendant as a member of his family?" Jury answer: "Yes."

"9. At the time of the collision was defendant's son, Jack McCormack, using the car of defendant with the express or implied permission of defendant for the purpose for which the car was owned?" Jury answer: "Yes."

By the other issues submitted the jury found the damages sustained on account of injury to the wagon and death of the mule, which was in the amount of $120. The evidence warrants the verdict of the jury as to negligence of the son, Jack McCormack, and as to the amount of damages sustained by the appellee.

The appellant does not question the finding as to the negligence of Jack McCormack, but he challenges findings Nos. 6, 7, and 9, and claims that there is no legal support for the judgment against him. It is believed that the evidence, when construed most favorably for the appellee, does not warrant an inference that upon the occasion in question the son was driving the automobile in performance of either the work or the business of the father, as found in issue No. 6; or with the knowledge and consent, or with the permission or general authority of the father, as found in issues Nos. 7 and 9. The positive testimony to the contrary of the findings should therefore be held to prevail. Accordingly the judgment should be reversed and the cause remanded.

In the absence of sufficient proof showing the father and son to stand in the relation of employer and employee, or principal

and agent, the judgment against the father may not be rested upon issue No. 6. Lessoff v. Gordon, 58 Tex. Civ. App. 213, 124 S. W. 182; Klapproth v. Smith (Tex. Civ. App.) 144 S. W. 688; Trahan v. Smith (Tex. Civ. App.) 239 S. W. 345, 347, and other cases; 46 C. J. p. 1325; 1 Thompson on Negligence, § 537.

In the absence of sufficient proof showing the permission, or express or implied, or the general authority of the father to the son to drive the automobile, the judgment against the father may not be rested upon issues 7 or 9. It becomes an unimportant circumstance that the son was, as proven, a reckless driver, or that the father maintained the automobile for the pleasure and convenience of the family and the son was a member of the family, if the son was not permitted, but was expressly forbidden, to drive the automobile. Rew v. Stoddard (Tex. Civ. App.) 225 S. W. 836; Ball v. Youngblood (Tex. Civ. App.) 252 S. W. 872; Miller v. Pettigrew (Tex. Civ. App.) 10 S.W.(2d) 168, and other cases; 42 C. J. §§ 836-38, pp. 1078-80. This principle is recognized in all the cases. It was affirmatively proven that for about two months, and for at least a month before the injury in question, the father had positively forbidden the son to use the automobile at all. The father kept locked the door of the garage in which the automobile was kept. At about 8:30 o'clock of the night of the occasion in question the son pried the garage lock open and took the automobile, and he and a boy companion used it for purposes entirely of their own. The father knew nothing of the use of the automobile until the next morning after the injury. The appellee concedes the principles of law applicable to the case.

The judgment is reversed, and the cause remanded.