Opinion delivered April 26, 1887.

No. 5705.

## A. J. AND J. J. DULL v. F. M. DRAKE ET AL.

1. PRACTICE IN SUPREME COURT—STATEMENT OF FACTS.—The Supreme Court will not revise the action of a district judge in rejecting or admitting evidence offered on the trial, in the absence of a statement of facts, and a bill of exceptions can not supply the place of a statement of facts by incorporating in it evidence that was admitted in order to show the importance of rejected testimony referred to in the bill.

2. FACT CASE.—See opinion for facts connected with an attempted sale of land by a temporary administrator which conveyed no title.

APPEAL from McMullen. Tried below before the Hon. D. P. Marr.

*Archer & Atkinson,* for appellants, on their proposition that the probate court of McMullen county, being a court of general jurisdiction over matters within its cognizance, upon a collateral attack, all presumptions will be indulged in favor of its orders, judgments and decrees; and when the court acts upon a subject matter within its jurisdiction, upon a collateral attack, its jurisdiction will be presumed to have attached in the particular case, unless the record clearly shows affirmatively to the contrary, cited Murchison v. White, 54 Texas, 82–84; Kleinecke v. Woodward, 42 Texas, 311, et seq.; Burdett v. Sillsbee, 15 Texas, 615, et seq.; Guilford v. Love, 49 Texas, 735, et seq.; Heath v. Layne, 62 Texas, 691.

*L. D. Murphy* and *J. D. Morrison,* for appellees.

WILLIE, CHIEF JUSTICE. Appellants brought this action of

trespass to try title against the appellees for the recovery of seven hundred and thirty-eight acres of land in McMullen county. The appellees pleaded not guilty and the statute of limitation. Judgment was rendered below for the appelles, and that judgment is brought here for revision. There is no statement of facts in the record, but a bill of exceptions is found, which recites the introduction in evidence by the appellants of a copy of a patent for the land to the heirs of Joseph A. Spicer, transfer of Spicer's headright certificate to S. Rhoads Fisher, will of Fisher, with probate thereof, giving his executrix full power to sell his lands and deed from Ann Fisher to H. Coley, for the seven hundred and thirty-eight acres in controversy. The bill further states that the appellants then offered in evidence a deed from J. L. Croom, jr., administrator of the estate of Charles Coley, deceased, to W. A. Hill, for said land, and also the records of the probate court of McMullen county, showing application of John L. Croom, jr., for letters of temporary administration on the estate of Charles H. Coley, deceased, and application to sell the land in controversy; also order of court appointing Croom temporary administrator of said estate and ordering sale of the land in controversy by said administrator; also the report of the sale and its confirmation by the court. Upon objection the administrator's deed was ruled out by the court, and the assignments of error related solely to its rejection.

We have repeatedly held that we will not revise the action of the district judge in admitting or rejecting evidence when there is no statement of facts in the record. In this case it is attempted to make the bill of exceptions serve the purpose of a statement of facts by incorporating into it evidence admitted upon the trial, and by this method to show the importance of the rejected testimony. We know of no authority for bringing to the knoweledge of this court the facts proved upon the trial of the cause, through the medium of a bill of exceptions. Such a bill brings to our attention rejected testimony, or such as has been admitted over objections; but such as was introduced without complaint, and formed part of the case made before the court or jury, must find its place in the statement of facts; otherwise, it will not be noticed. We are not informed by this record upon what state of facts the court determined the case in favor of the appellees, and are not, therefore, prepared

to say whether the appellants were injured or not by the rejection of the administrator's deed.

We will add, however, that had the ruling of the court been properly before us, it would have been sanctioned. The circumstances under which the sale was made were remarkable. A party applies for temporary letters of administration, and at the same time for the sale of a tract of land. He is appointed immediately and the sale is ordered. The administrator neither gives bond nor takes the oath, and he does not return an inventory of the property of the estate. Parties interested in the estate are not notified of the proposed sale. There is nothing before the court to show that there is not other property which could be sold with greater advantage to the estate. The administrator does not even swear to the facts that he alleges as a reason why the sale should take place. The whole proceedings are hurried through with the greatest haste; and a species of property that the law deems of so much importance that it must not be sold for any purpose, so long as there is anything else that can be disposed of with more advantage to the estate, is sold within a few days after the original grant of letters, by a temporary administrator, and without compliance with a single prerequisite of such a sale prescribed by the statute.

Our probate law does not contemplate that a temporary administrator shall have any powers except such as are expressly granted him by the county judge at the date of his appointment. He can not, without special authority, continue in office longer than the day for taking up probate business at the next term of the county court. It was doubtless thought that by that time an executor or a permanent administrator would qualify, and the estate be thereafter managed by him as prescribed by statute. The principal object of the temporary appointment is to preserve and keep the estate together until it can pass into the hands of a person fully authorized to administer it for the benefit of creditors and heirs. It was certainly not intended that such a temporary officer should possess greater powers than an ordinary executor or administrator; and should sell the lands of the estate before either he or the court could possibly know of the necessity for such sale, or anything else in reference to the general condition of the assets and liabilities of the deceased.

The judgment is affirmed.                          *Affirmed.*