## J. H. CATES v. T. F. McCLURE ET AL.

### Decided December 7, 1901.

**1.—Exemptions—Buggy—Tools of Profession.**

A single man engaged in a land, loan, and insurance agency business is not entitled to have exempted from execution, as tools and apparatus belonging to his trade and profession, a harness and buggy which he uses in carrying on such business.

**2.—Plea in Reconvention—Insufficiency—Practice on Appeal.**

Where defendants' plea in reconvention alleged merely that they had sustained damages from the wrongful suing out of the injunction to restrain a sale of property under their execution to the value of the property, and the court so found, in the absence of an exception to such plea and a statement of facts in the record, a judgment for damages in reconvention will not be disturbed.

**3.—Bill of Exceptions—Statement of Facts.**

A bill of exceptions containing a statement of all the facts proven on the trial can not be substituted for and treated as a statement of facts.

Appeal from Wise. Tried below before Hon. J. W. Patterson.

*R. E. Carswell,* for appellant.

*J. M. Basham,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—Appellant, a single man, was, as alleged in his amended petition for injunction to restrain the sale of his buggy and harness under execution, "engaged in the business of a land, loan, and insurance agent," and "using said buggy and harness in the prosecution of his said business." It was further alleged not only that said buggy and harness was suitable for such business, and useful therein, but also that the same, "or a like vehicle," was "absolutely necessary" and "indispensible to the conduct of his said business," and therefore exempt from sale under execution as "tools and apparatus belonging to his trade and profession."

The court, on final hearing, sustained a general demurrer to the peti-

tion, dissolved the injunction granted in the first instance, and gave judgment on plea of appellees in reconvention against appellant and the sureties on injunction bond for the value of the buggy and harness.

That appellant was not entitled to the exemption claimed seems to have been, in effect, decided both by the Court of Civil Appeals for the Fifth District, and by the Supreme Court in the case of Smith v. Horton, 92 Texas, 21, in which it was held that a bicycle was not exempt to an "architect and building superintendent," although it was in substance alleged that a bicycle or some other means of rapid locomotion was necessary in the prosecution of that "trade or profession." The reasons given in the able opinion of Justice Rainey in that case, and expressly approved by the Supreme Court, are equally applicable to the case at bar, and need not be repeated.

The plea of reconvention alleged, though in very general terms, that appellees had sustained damage from the wrongful suing out of the writ of injunction "in the sum of the value of said property," and so the court found. The plea was not excepted to, and the record contains no statement of facts. We could not, therefore, disturb the judgment for damages.

Whether or not we should give damages for delay, the case having been submitted on suggestion of delay, is not so clear; but we have finally concluded to affirm the judgment without adding such damages.

*Affirmed.*

## ON MOTION FOR REHEARING.

Counsel for appellant calls our attention to the fact that there is a bill of exceptions in the record which contains a statement of all the facts proven on the trial affecting the issue of damages, which it is insisted should be treated as a statement of facts; but in thus seeking to have us pass upon the sufficiency of the evidence to sustain the judgment, the learned counsel must have overlooked the rule of practice long since established in this State by the decisions of our Supreme Court, that it is inadmissible to substitute a bill of exceptions for a statement of facts. Carolan v. Jefferson, 24 Texas, 230, and Roundtree v. City of Galveston, 42 Texas, 612.

We must therefore adhere to the conclusions already announced, and overrule the motion.

*Overruled.*

Writ of error refused.