## RHOADES v. EL PASO & S. W. RY. CO.
### (No. 1825.)

(Court of Civil Appeals of Texas. Amarillo. March 16, 1921. On Motion to Dismiss Writ of Error, April 20, 1921.)

1. **Exceptions, bill of** ⟶4—**Ruling on motion for new trial not reviewable by bill.**

A bill of exceptions is not the proper way to bring up before review the action of the court on a motion for new trial.

2. **Exceptions, bill of** ⟶59(5)—**Court cannot be required to include certain facts in bill of exception.**

The trial court will not be required by mandamus to include certain facts in bill of exception complaining of court's ruling on motion for new trial on ground of insufficiency of evidence, since the facts proved should be brought up by a statement of facts, and not by the bill of exception, and since, if facts had been stated in the bill, the court could not have considered them.

3. **Exceptions, bill of** ⟶59(5)—**Appellate court cannot dictate contents of bill of exceptions.**

Under Rev. Stat. arts. 1607, 2065–2067, the Court of Civil Appeals cannot by mandamus, upon application therefor by plaintiff in error, supervise the making of the bill of exceptions by instructing the lower court what to put in the bill.

4. **Appeal and error** ⟶644(2)—**Bill of exception filed as modified by court, without objections, cannot be attacked.**

If the trial judge, upon presentation of bill of exception, should modify it, and the party presenting it should take the bill so modified and file it without objections, he is bound by the modifications, and cannot attack the bill.

On Motion to Dismiss Writ of Error and Strike Out Portions of Record.

5. **Appeal and error** ⟶361(3)—**Variance between "railway" and "railroad" held not to affect validity of a petition for writ of error.**

In action against the E. "Railway Company," petition for writ of error naming the defendant as the E. "Railroad Company" held not fatally defective, the variance not being material.

6. **Appeal and error** ⟶361(3)—**Petition for writ of error held sufficient.**

Petition for writ of error containing the judgment in which it was expressly recited that the defendants were corporations, and naming as defendants the same defendants named in such judgment, held to sufficiently show who the defendants are, and that they are corporations, though it would have been better practice to have named the agents of the defendant in error upon whom service might be had.

7. **Appeal and error** ⟶408—**Return of service upon "Rock Island Railroad" in action against "Chicago, Rock Island & Gulf Railway Company" held insufficient.**

Return showing service of petition for writ of error on named person as agent of the "Rock Island Railroad" held insufficient in an action against the "Chicago, Rock Island & Gulf Railway Company."

8. **Appeal and error** ⟶435—**Appearance to move to dismiss not a waiver of defective service of petition for writ of error.**

Defendants in error, by appearing for the purpose of moving to dismiss writ of error, and to strike out parts of the record, "in the event the court should overrule the motion to dismiss," held not a waiver of defective service of the petition for the writ of error.

9. **Appeal and error** ⟶435—**Unqualified appearance a waiver of defects in process.**

Unqualified appearance by defendants in error constitutes a general appearance, and operates as a waiver of any defects in the process.

Appeal from District Court, Oldham County; Reese Tatum, Judge.

Action by John M. Rhoades against the El Paso & Southwestern Railway Company. Judgment for defendant, and plaintiff brings error. Plaintiff applied for mandamus to require the judge to file a bill of exceptions tendered by him, and defendant moved to dismiss writ of error and strike out portion of the record. Application for mandamus dismissed, and motion to dismiss writ of error granted.

R. R. Hazlewood, of Amarillo, for plaintiff in error.

C. E. Gustavus, of Amarillo, and W. A. Hawkins, of El Paso, for defendant in error.

BOYCE, J. In the above cause now pending in this court on writ of error from the

district court of Oldham county, the plaintiff in error has filed an application for a writ of mandamus to require the Hon. Reese Tatum, judge of said court, to file a bill of exceptions tendered by the plaintiff in error. A brief statement of the case and proceedings leading up to the plaintiff in error's contention in reference to the said bill of exceptions is necessary to an understanding of the merits of the application.

The plaintiff in error brought the suit against the railway company for damages for personal injury. The jury answered the issues of liability adversely to the plaintiff, and the court entered judgment for the defendant. The jury also found that plaintiff was not permanently injured, and that $1,000 would compensate him for the injury sustained, for which he claimed the railway was responsible. Plaintiff in error filed a motion for new trial, alleging, in addition to other grounds not necessary to set out here, the following: (1) That "said case was not tried by a fair and impartial jury"; (2) that, "by reason of bias and prejudice of the jury which tried said cause, plaintiff's property has been taken from him without due process of law, as specifically shown in the following paragraphs of the motion"; (3) that "several of the questions submitted to the jury, the answers to which were vital to his recovery, were answered adversely to him, without any evidence whatever to support such answers"; and in support of this statement it was alleged that the finding of the jury that plaintiff was not permanently injured was contrary to the uncontroverted evidence; and also that the finding that plaintiff was damaged only in the sum of $1,000 was contrary to the uncontradicted evidence in the case, which showed that he had sustained damages in a much larger amount. The motion for new trial having been overruled, the plaintiff tendered to the trial judge an instrument, styled "Plaintiff's Bill of Exception No. 2," which set out the fact of the filing of the motion for new trial and that it contained the grounds already mentioned. These statements in the bill were followed with a statement filling some 22 typewritten pages, which counsel for plaintiff in error contends is "all the testimony introduced on the trial bearing on the foregoing issues," and that the language just quoted preceded the statement of such testimony. Then following such statement the bill recited that the court overruled the motion for new trial, to which action the plaintiff in error excepted, etc. The plaintiff in error, in the application for mandamus, alleges that the said district judge refused to approve said bill of exceptions so tendered and "refused to make out and file any bill of exceptions by which the matters complained of by plaintiff in error could be presented to this court in such way as the same could be considered by the court." A bill of exceptions No. 2 does appear in the transcript, though it does not appear whether the judge or counsel for plaintiff in error tendered it to the clerk for filing. The plaintiff in error alleges that the bill contains many alterations and interlineations made by the judge, which changed the meaning of the bill presented by the attorney and not in conformity with the facts. In particular it is contended that the word "not" was interlined in the language preceding the statement of facts made in the bill so that the language of the bill was made to read thus: "The following is not all the testimony introduced on the trial," etc. The prayer of the application is that the said judge "be cited by writ of mandamus to appear before this honorable court and file a true bill of exceptions substantially as requested by plaintiff in error," etc. There is no statement of facts brought up in the record in this court.

[1, 2] We think the petition should be dismissed. A bill of exception is not the proper way to bring up for review the action of the court on the motion for new trial. Rule 53 for district and county courts. But, if it were proper to take a bill of exception in such case if a decision of the assignments in the motion for new trial and referred to in this bill depended on the evidence introduced on the trial, then the appellant should bring up a statement of facts. A bill of exception cannot be considered as a substitute for a statement of facts, and we do not think that the plaintiff in error had the right to have these facts stated in the bill, since we could not consider them in determining the assignments · referred to. Dull v. Drake, 68 Tex. 205, 4 S. W. 364; Roundtree v. City of Galveston, 42 Tex. 612; Carolan v. Jefferson, 24 Tex. 230; Cates v. McClure, 27 Tex. Civ. App. 459, 66 S. W. 224; Texas Midland Railway Co. v. O'Kelley, 203 S. W. 152. In the case of Dull v. Drake, supra, the Supreme Court said:

"We know of no authority for bringing to the knowledge of this court the facts proved upon a trial of the cause, through the medium of a bill of exceptions. Such a bill brings to our attention rejected testimony, or such as has been admitted over objection; but such as was introduced without complaint, and formed part of the case made before the court or jury, must find its place in the statement of facts; otherwise it will not be noticed." ·

This being the law, it would do the plaintiff in error no good to have this bill of exception made to read as he alleges it should read, and the mandamus would be useless.

[3] But, even if it were proper practice to take such a bill and to incorporate the evidence in the bill of exception in this way, we do not think we could supervise the making of the bill of exceptions as the plaintiff

in error would have us do. Eustis v. Frey, 204 S. W. 117; Neville v. Miller, 171 S. W. 1111, and authorities cited in those two cases. The statute provides how a bill of exceptions may be secured and the bill prepared by the trial judge contested. R. C. S. arts. 2065–2067; article 1607. We know of no other way. The trial judge has no right to change a party's bill of exception presented to him, over such party's objection. In the event the party presenting the bill does not agree to the modification suggested by the judge, it is the duty of the judge to prepare a bill in accordance with the provisions of the statutes, and it may be that the appellate court would, in a proper case, have the power by mandamus to require the trial judge to pursue such course. The appellate court could not, however, retry the case and tell the trial judge what he should put in the bill. Authorities above cited.

[4] But if the trial judge, upon presentation of the bill, should modify it, and the party presenting it should take such bill so modified and file it, without objections, he is bound by the modifications, and cannot attack the bill appearing in the record, in the appellate court. Brunner Fire Co. v. Payne, 54 Tex. Civ. App. 501, 118 S. W. 604; Jolley v. Brown, 191 S. W. 180, paragraphs 5–8. As already stated, the transcript contains the bill of exception as changed by the district judge, and to the bill is a qualification in which the said judge states that the proceeding is unknown to him, and that the statement does not contain all of the testimony produced on the trial, and is not approved as a statement of the facts produced upon the trial of said cause. There is in the record an affidavit filed in the lower court, made by the attorney for the plaintiff in error, in which it is stated that attorneys for defendant in error declined to agree to said bill on October 24, 1920, and that on November 10th the attorney presented the bill to the district judge; that the said attorney had no objection to the court's adding such additional testimony as was necessary to make the bill of exceptions speak the truth, and it was agreed that the court "in preparing said bill should add such additional testimony as was necessary to make the bill speak the truth." The affidavit further states that the judge returned the bill on November 15th, only one or two days prior to the expiration of the time for filing the same under order of the court, with the qualification and changes as appears in the bill. There is nothing in the record to show whether said attorney called the attention of the district judge to any objection to the bill as thus returned to the attorney, or that he advised the court that he would not accept such bill, and requested the judge to prepare and file a bill under the statute. The said bill so changed by the district judge

was filed on February 14, 1921, by whom it does not appear, though it may be inferred that, as the judge had returned it to the attorney for plaintiff in error, it was filed by said attorney. On the same day the plaintiff in error filed with the district clerk the affidavit, setting up the facts above stated, and which affidavit prays the Court of Civil Appeals to grant a mandamus to require the said district judge to file "a true bill of exceptions substantially as requested by plaintiff in error." Under the circumstances even if the plaintiff in error was entitled to a bill prepared by the court embodying this testimony, he should have promptly refused to accept the modifications of the bill, and requested the court to prepare a bill in accordance with article 2066, R. C. S. The act of the attorney in accepting the bill as modified by the judge, and filing it, as we presume he did, without objections made to the judge, brings the case, we think, within the rule announced in the two cases last cited, and many others to the same effect.

Upon a careful consideration of the application we have come to the conclusion that it shows no good grounds for mandamus, and we will dismiss it. This action is taken, without notice to the district judge or the attorneys representing the defendant in error. Holding the opinion that we do, it would be useless to require notice to be issued of the filing of the application, and we have followed the practice of the Supreme Court in this matter. Burnett v. Powell, 86 Tex. 382, 24 S. W. 788, 25 S. W. 18; Steele v. Goodrich, 87 Tex. 401, 28 S. W. 939; Moore v. Waco Building Association, 92 Tex. 265, 47 S. W. 716; Hume v. Schintz, 90 Tex. 72, 36 S. W. 429.

On Motion to Dismiss Writ of Error and Strike Out Portions of Record.

The defendants in error have filed a motion, composed of two parts: (1) To dismiss the writ of error; and, (2) in the event the motion to dismiss is overruled, then to strike out certain portions of the record. The motion to dismiss the writ is based on three separate grounds: (1) Because the petition states the name of one of the defendants in error to be the El Paso & Southwestern *Railway* Company; that in fact there was no such party to the suit, one of the parties being the El Paso & Southwestern *Railroad* Company; (2) because the petition does not state that the defendants are corporations or give their place of residence and the agent upon whom service may be had; (3) because the record shows no legal service on the defendant, the Chicago, Rock Island & Gulf Railway Company. We will first consider the grounds of the motion to dismiss in the order presented, and then determine the effect of our conclusions as to this part of the motion.

[5] There is no material variance between the names, the El Paso & Southwestern *Railway* Company and the El Paso & Southwestern *Railroad* Company. Railway Co. v. Donahoe, 56 Tex. 162; Railway Co. v. Morris, 68 Tex. 49, 3 S. W. 457.

[6] We think the petition for writ of error does sufficiently show who are the defendants in error, and that they are corporations. The judgment of the trial court is copied into the petition, and in such judgment it is expressly recited that the defendants are corporations, and the petition shows that the defendants named in it are the same defendants named in the judgment. It would have been the better practice to have named the agents of the defendants in error upon whom service might be had, but when motion is made to abate the service on such ground, without denial that the persons served were agents upon whom service might be had, the motion should be overruled. G., H. & S. A. Ry. Co. v. Gage, 63 Tex. 571.

[7] The sheriff's return of the citation issued commanding service on the Chicago, Rock Island & Gulf Railway Company is as follows:

"Came to hand the 8th day of February, 1921, at 5:00 o'clock p. m., and executed the 8th day of February, 1921, by delivering to R. M. Thompson in person, local agent of the Rock Island Railroad, at this place, at the courthouse in Vega."

The service is fatally defective. There is no showing as to how it was made, in that it does not state what was delivered to R. M. Thompson, agent, and, if it could be said that the return was sufficient to show proper service on the "Rock Island Railroad," this would be insufficient, because this name is not identical with the Chicago, Rock Island & Gulf Railway Company. Railway Co. v. Block Bros., 84 Tex. 21, 19 S. W. 300; Mecca Fire Insurance Co. v. Campbell, 145 S. W. 630; Railway Co. v. English, 109 S. W. 424.

[8] What then should be the effect of sustaining the foregoing contention as to the defect in service? The answer of the plaintiff in error to this question is that the defendants in error have filed their answer, and thus entered their appearance in this court and waived any defects in the service of citation. Before considering this suggestion further, we should say that the only answer filed by the defendants in error consists of this motion. It is prefaced with the statement that the defendants appear "herein for the purpose of this motion only"; and the second part of the motion to strike out parts of the record is presented only "in the event the court should overrule the motion to dismiss." Plaintiff in error cites York v. State, 73 Tex. 651, 11 S. W. 869, and Hall v. La Salle County, 46 S. W. 863, in support of his position. The first case is familiar to all students of Texas law. The holding there made that a special appearance for the purpose of questioning the jurisdiction of the court amounted to a general appearance was because of the special statutory law of this state, referred to in the opinion, and it was expressly stated that prior to the adoption of the legislation referred to such special appearance would not have given jurisdiction over the person of the defendant. The statutes which were held to have such effect in that case do not apply to the practice in the appellate courts, and it has always been held by the Supreme Court that a motion to dismiss for defects in a petition or citation does not constitute a general appearance and waive the defects made the basis of the motion. Seybold v. Boyd, 14 Tex. 460; Pierce v. Cross, 36 Tex. 188; Vineyard v. McCombs, 100 S. W. 544. The other case cited by plaintiff in error (Hall v. La Salle County) appears to be more in point. The facts are stated so meagerly that we do not know with certainty just what was decided, though it was said that the appearance of the defendant in error by a motion to dismiss the appeal is a waiver of any supposed defects in the citation or return thereon. There were other grounds urged for dismissal in addition to the supposed defects in the citation. If the objection to the service of the citation was only one of the grounds made in the motion to dismiss the writ, and that appears to be probably the fact, the holding does not seem to be in accord with the practice of the Supreme Court in such cases. In the case of Vineyard v. McCombs, 100 Tex. 318, 99 S. W. 544, the defendants in error moved to dismiss the appeal, urging several grounds therefor, one of which was a defect in service of the citation on one of the defendants. The Supreme Court considered all of the grounds urged, but sustained only the one questioning the sufficiency of the service, but ordered the case to be stricken from the docket on such ground. In the case of Overton v. Terry, 49 Tex. 773, it was held, quoting from the syllabus, that "a motion to dismiss for defective citation in error is a waiver of delay in its issuance, as a reason for dismissing the case when the defective citation has been corrected." In that case, when the writ of error was first before the court, defendant in error moved to dismiss it for defect in citation. The motion was sustained, and the case stricken from the docket. The defect in the service was corrected, and the case again came before the court, and objections then urged which existed at the time the first motion was made, with the result as stated. It seems to us that, where the appearance is special and for the purpose of questioning the sufficiency of the proceedings to bring the case into the

appellate court, it would not only be proper, but necessary, to urge all grounds therefor at the same time, and it ought not to be held that the urging of any one ground in such a motion would be a waiver of the others.

[9] Of course, an unqualified appearance for any other purpose would amount to a general appearance, and operate as a waiver of any defects in the process. Talbert v. Barbour, 16 Tex. Civ. App. 63, 40 S. W. 187; Stephenson v. Chappell, 12 Tex. Civ. App. 296, 33 S. W. 880, 36 S. W. 482; McPhaul v. Byrd, 174 S. W. 645; Brillhart v. Beever, 198 S. W. 973. In the case last cited the defendant in error combined with the motion to dismiss the writ an unqualified motion to strike out the statement of facts, and we held that he thereby ,waived the right to question the sufficiency of the citation. This holding we think was correct. The further statement in the opinion as the the effect of the motion to dismiss the writ of error proceeding was not necessary to a decision of the case, and we now qualify it by what we have said here. The motion to strike out parts of the transcript in this case is made subject to the action of the motion to dismiss, and is not, therefore, to be taken as an unqualified appearance for such purpose.

The proper disposition of the case will be to strike it from the docket. Vineyard v. McCombs, supra. The plaintiff in error will be allowed to withdraw the transcript filed herein, to the end that he may take such action as he deems appropriate to perfect the writ.