## MANN et ux. v. COOK. (No. 12271.)

Court of Civil Appeals of Texas. Fort Worth. Nov. 30, 1929.

Rehearing Denied Jan. 4, 1930.

See, also, 11 S.W.(2d) 572.

W. P. Smith and C. K. Walsh, both of Wichita Falls, for plaintiffs in error.

Cox & Fulton, of Wichita Falls, for defendant in error.

CONNER, C. J. On February 22, 1929, the plaintiffs in error C. M. Mann and wife, Pearl Mann, instituted this suit against M. M. Cook, defendant in error, to recover damages resulting from an automobile collision. They alleged, in substance, that on the 5th day of October, 1927, while the plaintiffs and their two sons were in their Cadillac touring car driving south on Grace street in Wichita Falls, Wichita county, Tex., at about 5 o'clock p. m., plaintiffs were approaching Ninth street of said city at a speed of about 7 or 8 miles per hour, and had reached the intersection of Ninth and Grace streets at a point about the center of Ninth street when a Ford automobile owned by the Hamilton-Martin Investment Company, a corporation, which was at the time being driven by Gordon Cook, a minor son of the defendant M. M. Cook, coming west on Ninth street, collided with the plaintiff's car, striking it about the center; and as a result of said collision, the plaintiff's car was completely wrecked so that it is now worthless; and also that, as a result of said collision, the plaintiff Pearl Mann was thrown from said Cadillac car against the pavement with great force, as a result of which she received permanent serious injuries as specified in the petition.

It was further alleged that Gordon Cook, at the time and just prior thereto "was negligently and unlawfully driving said Ford automobile down the middle of Ninth Street and at said time was driving same at a negligent, wreckless, excessive and unlawful rate of speed, namely about forty miles per hour; that said Gordon Cook at said time was negligently and unlawfully failing to observe the street ahead and look for other people whom he knew or should have known might be using Ninth Street at said intersection; that said Gordon Cook was negligent in not driving said Ford automobile at a rate of speed as he

approached said crossing so he could have stopped same before hitting plaintiffs' car and in failing to stop; that said Gordon Cook was negligent in not seeing plaintiffs' car in time to stop; that said Gordon Cook was negligent in not driving to the North Side of Ninth Street and passing behind plaintiffs' car, which he could and should have done; that said Gordon Cook was negligent in not applying his brakes and in not making any attempt to stop his car before it struck this plaintiffs' as alleged; that said Gordon Cook was negligent in manner and the way which he drove said car at the time of said collision and just prior thereto.

"Plaintiffs further pleading allege that the said Gordon Cook was negligent (a) in failing to leave the right of way to the plaintiffs herein and in violation of Section 36 of the Ordinance 958 of the City of Wichita Falls, and of Article 801 of the Penal Code (1925 Texas Statutes) which said section 36 of the Ordinance 958 provides that 'every driver of a vehicle approaching the intersection of a street shall grant the right of way at such intersection to any vehicle approaching from the right and where two vehicles approach the same intersection at the same time the driver of the vehicle on the left shall decrease the speed to ten miles per hour and have his car under control before crossing such intersection, and it shall be the duty to yield to the vehicle on the right.' And Article 801 of the Texas Penal Code provides 'except where controlled by such ordinances or regulations enacted by local authorities, as are permitted under the law, the operator of a vehicle approaching an intersection on the public highway shall yield the right-of-way to a vehicle approaching such intersection from the right of such first named vehicle.'

"(b) And that said Gordon Cook was negligent in driving said Ford automobile at a rate of speed in excess of twenty-miles per hour which was in violation of Article 789 of the Texas Penal Code, which provides that no-person shall operate a motor or other vehicle within the corporate limits of an incorporated city or town at any greater rate of speed than twenty miles an hour, and the plaintiffs hereby specially plead said ordinance and statute above mentioned, and that such negligence was the direct and approximate result of the injury and damage herein alleged."

The plaintiffs further alleged that the defendant M. M. Cook, father of said Gordon Cook, was at the time of the collision and for some time prior thereto, an actual employee of the Hamilton-Martin Investment Company, and that the car being driven at the time by Gordon Cook had been furnished to its employee M. M. Cook to be used by him in the regular discharge of his duties as such employee; that said M. M. Cook was permitted by said company to keep said car in his possession at all times and to keep it at his home both day and night; that M. M. Cook was employed by the month and had no regular hours to begin and quit work, but was allowed and permitted to fix his own hours and work and to do said work at any time of the day or night; that at the time of said collision, and for some time prior thereto, he had possession and was exercising full control of said Ford car and used the same, not only for his work, but also as a family car, and the members of his family, including his son Gordon, were permitted to use said car as a family car when it was not being used by said defendant in connection with his employment; that on the occasion in question the car was being used by Gordon Cook as a family car with the knowledge and consent of said M. M. Cook.

It was alleged the injuries of which the plaintiffs complain was the proximate result of the specific negligence of Gordon Cook, and the prayer was for recovery of damages aggregating $15,000.

The defendant M. M. Cook answered by a general and certain special demurrers, a general and special denial, and specially to the effect that the car in question had simply been placed in his back yard by another employee of the corporation named and had never been used by himself or for the pleasure of his family; that he owned his own car which he furnished to his family and for himself and used it at all times for the benefit of himself and family and never used or permitted his family to use the Ford car for the use and pleasure of the family in any way; that the only time said car was used after having been placed in defendant's back yard was on "perhaps two or three occasions prior to the date of the accident complained of, when it was used for business purposes strictly and when this defendant and his wife sent the son Gordon Cook to the ice plant for some ice and once to take a bundle of clothes to the laundry"; that if said car was ever used by any member of the family, it was without the knowledge or consent of the defendant, his positive orders being that said car was not to be used for any purpose by his family.

The defendant further specially alleged that at the time of the accident he was not at home, and that he knew nothing whatever of the car being used by his son, Gordon, until after the accident; that his son Gordon was over 17 years of age, weighed about 150 pounds, and was an expert driver of automobiles, and that his said son, without the knowledge or consent of defendant on the afternoon of the day of the accident, together with some of his boy friends, took said car without asking for it or for the use of same, and with said boys drove to Bellevue park in the city of Wichita Falls, for the purpose of playing tennis, and for his own pleasure and

amusement. The defendant further specifically pleaded that the plaintiffs were guilty of contributory negligence in violating the rules of traffic in the city, especially an ordinance with reference to making a left-hand turn, and also in violating article 801, subds. (G) and (K) of the Penal Code; that the injuries complained of were the result of their own carelessness and negligence in driving into the street intersection of Grace and Ninth streets and making a left-hand turn without any notice or warning thereof to approaching cars; that the custom of the city was that traffic on Ninth street running east and west has the right of way on all cross streets running north and south, and that all stop signs are placed on said cross streets; that Ninth street is recognized as being a through driveway without any stop sign, by reason of which Gordon Cook had a right to presume that a car coming into Ninth street from Grace avenue would either turn to the right going west on Ninth street, keeping close to the curb, or the driver would keep his car under such control that he would permit other cars to pass before undertaking to drive into the intersection; that the plaintiffs failed to observe the custom and rules stated and drove into the intersection directly in front of the car driven by Gordon Cook, turning to the left immediately in front of said car, which caused the collision and damage, if any, without fault or negligence on the part of Gordon Cook. Contributory negligence in other respects, such as failure to properly handle the car, to exercise proper care and caution for their own protection, and failure to give a signal of their intention on entering the intersection, and in failing to observe the approach of the car driven by Gordon Cook, and in failing to stop after having actually observed its approach, was also pleaded.

The trial was before the court without a jury and judgment rendered in favor of the defendant upon the following findings of the court filed in answer to request of the plaintiffs, which reads as follows, to wit:

"Upon the pleadings and the testimony in this case I find the following facts:

"First: I find that Gordon Cook was the minor son of the defendant M. M. Cook and at the time of the accident in question was seventeen years of age.

"Second: I find that the Ford car driven by Gordon Cook at the time of the accident was owned by the Hamilton-Martin Investment Company, the employer of defendant, M. M. Cook, and had been turned over to the defendant by his employer to use in his engineering work and for no other purpose; that defendant M. M. Cook had kept said car at his home when not using it, and for two or three months prior to the time of the accident the said defendant had possession and control of said car as such employee of the Hamilton-

Martin Investment Company; that on three or four occasions the defendant had sent his son Gordon Cook on errands in said car to get ice and laundry; that at the time Gordon Cook took the car on the day of this accident the defendant M. M. Cook was not at home and did not know his son Gordon had driven it until he reached home about five o'clock in the afternoon; that defendant, M. M. Cook later stated to several parties that he knew his son had driven the car and that he had his permission to do so and that he was going to stand by him, I find that M. M. Cook did not give his express permission to his son Gordon to drive the car at this particular time and upon the particular errand in question. I do find from all the evidence and circumstances that Gordon Cook was driving said car with the implied consent of his father M. M. Cook, defendant herein, on the occasion in question.

"Third: I find that Gordon Cook was driving said car for his own pleasure at the time of the accident.

"Fourth: On the question of negligence: (a) I find that the defendant was not guilty of any negligence. (b) I find that Gordon Cook was guilty of negligence in the manner in which he drove said car on the occasion of the accident in all the details as set out and alleged in plaintiffs second amended original petition. (c) I find that plaintiffs were not guilty of contributory negligence in any manner.

"Fifth: On the question of plaintiffs damages: (a) I find that plaintiffs have been and are damaged by the injury of their car and from doctors bills paid and from personal injury to Pearl Mann and her sufferings in the sum of $2500.00. (b) I find that all of said injuries and resulting damages are the direct and proximate result of the negligence of Gordon Cook, as alleged in plaintiffs second amended original petition and hereinabove found.

"Conclusions of Law.

"1. From the foregoing facts I conclude as a matter of law that the Ford car driven by Gordon Cook was not a family car and that the facts proven as above found fail to bring said car within the rule of the 'family car doctrine.'

"2. I conclude as a matter of law from the foregoing facts that M. M. Cook defendant herein is not legally liable for the said acts of Gordon Cook and that plaintiffs are not entitled to recover against M. M. Cook for any of said damages on account of the negligence of Gordon Cook.

"3. The court therefore concludes as a matter of law that judgment should be rendered for defendant M. M. Cook, that plaintiff take nothing by reason of this suit and that defendant recover his cost."

From the judgment so rendered the plaintiffs have duly prosecuted this writ of error.

In support of the judgment, defendant in error insists on two propositions only, to wit: (1) That the facts found by the court fail to bring the car driven by Gordon Cook within the "family car doctrine"; and (2), in substance, that upon no other theory can M. M. Cook be held liable under the facts found for the acts of Gordon Cook.

We have examined numerous authorities such as: 2 R. C. L., p. 1199, § 34; volume 3 Words and Phrases, Third Series, p. 543; 42 Corpus Juris, p. 1080 and notes; Schwartz v. Johnson, 152 Tenn. 586, 280 S. W. 32, 47 A. L. R. 323; Allen v. Bland (Tex. Civ. App.) 168 S. W. 35; Cohen v. Hill (Tex. Civ. App.) 286 S. W. 661; Doss v. Monticello Elec. Light & Power Co., 193 Ky. 499, 236 S. W. 1046; Rew v. Stoddard (Tex. Civ. App.) 225 S. W. 836; Reid Automobile Co. v. Gorsczya (Tex. Civ. App.) 144 S. W. 688; Puryear v. Martin (Tex. Civ. App.) 13 S.W.(2d) 203; Eurster v. Vogel, 227 Ky. 735, 13 S.W.(2d) 1028; Miller v. Pettigrew (Tex. Civ. App.) 10 S.W.(2d) 168; and cases cited in annotation 5 A. L. R. 228, par. III; 23 A. L. R. 621.

The cases relating to the subject are in hopeless conflict, and it is apparent that within reasonable limits we cannot discuss them all or point out the distinguishing features. In the case of Foster v. Farra, decided by the Supreme Court of Oregon, and reported in 243 P. 778, 781 (117 Or. 286), it was said: "While there is a contrariety of opinion upon the question, the rule adopted in several states is that one who keeps an automobile for the pleasure and convenience of himself and his family is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of his family." That was a case where the father was held liable for injuries resulting in the negligent operation of a car while being operated by some one on a mission of his own, and the court further stated that: "Whether the son was engaged in the father's business, it is the rule, supported by the better weight of authorities, and where a father provides an automobile for the purpose of furnishing members of his family with outdoor recreation, the use of the car for such purpose is within the scope of the father's business, analogous to the furnishing of food and clothing or ministering to their health." In support of which a great number of authorities is cited on page 781 of the Pacific reporter.

Allen v. Bland, 168 S. W. 36, by the Amarillo Court of Civil Appeals, writ of error refused, was a case in which a father was held liable for damages caused by the negligent operation of an automobile driven by his minor son. In that case, however, no question was raised as to the right of the boy to use the car at his pleasure and with his father's consent. On the contrary, under the evidence, the boy was to call for and use the car whenever he wanted it and for whatever the purpose. The father was held liable upon the authority of numerous cases cited in the opinion. In the case of Hill v. Staats (Tex. Civ. App.) 187 S. W. 1039, cases were discussed in which it was held that the owner of a car was not liable for the negligence of an employee resulting in injuries while driving the car for purposes of his own and without the consent of the owner.

On a former appeal of this case, reported in (Civ. App.) 11 S.W.(2d) 572, 577, et seq., it was said in an opinion by Mr. Justice Dunklin that:

"Appellee [M. M. Cook] has presented cross-assignments of error to the action of the court in overruling a general demurrer to the plaintiffs' petition, and in failing to instruct a verdict in defendant's favor after all the evidence was heard. It is pointed out that in plaintiffs' petition there were no allegations that at the time of the accident the Ford car was being used by defendant M. M. Cook as a family car, for the pleasure of himself and family, as found by the jury, but that the sole theory upon which it was sought to hold Cook liable was upon the allegation that his son, Gordon Cook, was driving the car with the consent and permission of defendant Cook, as found by the jury. Many authorities are cited by appellee to support that contention; that the father is not liable for the negligence of the son, unless the tort complained of was committed at the direction of the parent, express or implied, within the scope of the duties imposed upon the son by the parent; in other words, that mere permission of the father is not sufficient to hold him liable for a tort committed by the son in the use of the automobile for his own pleasure. The authorities cited include, among many others, Chandler v. Deaton, 37 Tex. 406; Ritter v. Thibodeaux (Tex. Civ. App.) 41 S. W. 492; Klapproth v. Smith, 144 S. W. 688, by this court; Trahan v. Smith (Tex. Civ. App.) 239 S. W. 345; Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, L. R. A. 1918C, 715, and notes to that case appearing in Ann. Cas. 1918E, page 1127.

"In the first place, while there was not specific allegation that M. M. Cook was at the time of the accident using the Ford car for the benefit and pleasure of himself and family, there was an allegation that the Hamilton-Martin Investment Company had given to M. M. Cook its permission to so use it. Under such circumstances, we do not believe that a general demurrer should have been sustained to the petition, even though it should be said that M. M. Cook could not be held liable, in the absence of a showing that he was keeping the car for the use and pleasure of his family. We believe that a judgment against Cook could be sustained

upon the theory of principal and agent; in other words, that, if M. M. Cook knowingly consented for his son to drive the car on a mission of business or pleasure of the son only, the son thereby became his agent, since it is the duty of a father to provide for his minor child, and, if he places in the child's control a dangerous instrument in the use of which a tort is committed, resulting in injury to others, he is in no position either in law or equity to complain that his act in thus placing the dangerous machine in the hands of his child was not the primary and procuring cause of the injury, and that he himself is not liable therefor; the injured party being without remedy against the legally irresponsible child. The doctrine that he who trusts most must suffer most, we believe is applicable here.

"We shall not undertake a discussion of the many authorities which we believe support our conclusion on this question. The opinion of this court in Cohen v. Hill, 286 S. W. 661, in which a writ of error to the Supreme Court was dismissed for want of jurisdiction, shows a collation and discussion of many conflicting authorities throughout the United States on what is known as the family purpose doctrine. Our decision in that case supports our present conclusion upon the question now under discussion.

"We conclude that the judgment of the trial court should be reversed for misconduct of the jury, notwithstanding the implied finding of the trial court that the same did not operate to the prejudice of the appellant. Accordingly the judgment of the trial court, as between plaintiffs and defendant M. M. Cook, is reversed, and the cause is remanded as to them; but the judgment denying plaintiffs any recovery against the defendant Hamilton-Martin Investment Company is affirmed, since the plaintiffs failed to make out a cause of action against that defendant, and since no complaint is made here in appellant's brief of that portion of the judgment. It is stated by counsel for appellees that the trial court instructed a verdict in favor of the Hamilton-Martin Investment Company, and, although the record does not show that such was true, appellants do not controvert the statement."

■■ We will not quote from other cited cases. We think it will be found that, in all of the cases imposing a liability upon the owner of an automobile for injuries caused by its negligent operation by a servant or employee, the consent of the owner or employer is a material element. Without such consent, from which wrong is implied, no penalty will be imposed. We do not want to be understood as holding that mere consent by the owner of a car for its use by one to whom such owner owes no duty will impose liability upon such owner resulting from the negligence of the person using the car. But

we have no such case here. The case before us is one in which the father, having lawful possession and control of the car during the period of time involved, consented, as found by the court, for his immature minor son to take and use the car on a pleasure trip of his own. We must infer that the purpose of the father in extending the privilege to the son was that the son might receive the pleasure and benefit of the trip, and hence that the son, as driver, was the agent for the accomplishment of the father's purpose. The mere fact that the car was used by the father during business hours for the purposes of his employer will not take the case out of the "family purpose doctrine," if during other hours the father used the car for pleasure. See Gates v. Mader, 316 Ill. 313, 147 N. E. 241; King v. Smythe, 140 Tenn. 217, 204 S. W. 296, 299, L. R. A. 1918F, 293. While an automobile cannot be said to be of itself and as a matter of law, a dangerous instrumentality, yet it is undoubtedly dangerous when operated at an unlawful speed along a public street in a negligent manner by an immature driver, nor have we thought it necessary to determine whether this case is to be ruled by the "family car doctrine," or alone on the theory of agency. Both theories are the same basically. Both rest in a sense on the consent of the owner of the car to its use by a servant or member of the family, as the case may be. Here, the consent of the defendant is established by an unassailed finding of the court. It is wholly immaterial that such consent was established inferentially instead of by express terms. In the absence of a statement of facts, we must conclude that the evidence heard by the court impelled the conclusion. Moreover, the court's findings recite a declaration of the defendant himself that his son "had his permission" to use the car.

■ Nor do we think it material, as before indicated, that the car was purchased and owned by the investment company for use in the conduct of its business and not by the defendant for family purposes. It was committed to his custody and control without any restrictions so far as the record discloses. He was master of the situation and conditions for the time being, and his liability the same as if he had title.

■■ As will be seen by a reading of the quotation made from the opinion in Mann v. Cook on the former appeal of this case, it was in effect held that the judgment against appellee Cook could be sustained upon the theory of principal and agent. And the case as then presented on the face of plaintiff in error's petition, to which the demurrer was directed, is substantially the same as now presented on the facts, and we think must at all events be held to constitute the law of the case on this appeal. The rule is that, upon the second or other appeal, the ruling

made on the first appeal will be deemed the law of the case in all subsequent proceedings. See M. K. & T. Ry. Co. v. Redus, 55 Tex. Civ. App. 205, 118 S. W. 208; Duke v. Gilbreath (Tex. Civ. App.) 10 S.W.(2d) 412.

■■ Defendant in error has presented a cross-assignment complaining that the evidence fails to support the finding of the court that Gordon Cook was driving the car in question with the implied consent of his father. In aid of the cross-assignment, defendant in error presents his bill of exception No. 1, which purports to state all the evidence produced on the trial by either of the parties. In the case of Roundtree v. City of Galveston, 42 Tex. 612, Supreme Court of Texas, speaking through Justice Moore, said:

"There is in the record a bill of exceptions, which seems to have been intended by appellant, and which no doubt he supposed would serve, as a statement of facts, as well as a bill of exceptions. Evidently, however, it cannot be so treated or considered. In the first place, it does not distinctly purport or state that it contains all the evidence adduced on the trial of the cause. But if it did, the objection to it would not be obviated.

"A bill of exceptions and statement of facts are alike intended to be incorporated into and become parts of the record of the case. Still they are altogether different in their character and purposes, as well as in the manner of their preparation and authentication. The first serves to perpetuate in the record the ruling of the court to which the party presenting the bill excepts. Only such facts are set out in it, as are necessary for the proper understanding of the action of the court to which the exception is taken. In its preparation and completion the opposite party has no necessary connection, and is frequently not even cognizant of its contents until it has become a part of the record. While the latter is intended to embody in the record all the evidence introduced on the trial, as agreed to by the parties and approved by the court; or if the parties fail to agree, as certified to by the court after examining the statements prepared by them respectively.

"In our liberal practice, discarding mere matters of form, the statement of facts may be made to serve the purpose also of a bill of exceptions; for the reason that it bears upon its face the concurrent assent of the parties and the court. But as this is not necessarily the case with a bill of exceptions, and as it does not ordinarily purport to be authenticated in the manner requisite for the authenticity of a statement of facts, it cannot be so regarded."

. This court, in the case of Holmes v. Coalson, 178 S. W. 628, 634, in an opinion by Associate Justice Dunklin, had this to say: "It is well settled that a bill of exception cannot supply the office of a statement of facts, however full its recital of facts may be. Roundtree v. Galveston, 42 Tex. 612; Cates v. McClure et al., 27 Tex. Civ. App. 459, 66 S. W. 224."

See, also, to the same effect, the case of Cates v. McClure et al., 27 Tex. Civ. App. 459, 66 S. W. 224, writ of error denied; City of San Antonio v. Berry, 92 Tex. 319, 48 S. W. 496, by Chief Justice Gaines; and Dull v. Drake, 68 Tex. 205, 4 S. W. 364, by Chief Justice Willie.

We conclude that the cross-assignment of error must be overruled, and that the judgment below should be reversed and here rendered in favor of plaintiffs in error for the amount of damages found by the court, and it is so ordered.