## JINKS v. JINKS.

### No. 6284.

Court of Civil Appeals of Texas. Texarkana.

June 12, 1947.

Rehearing Denied June 26, 1947.

Lewis & Chandler of Jacksonville, for appellant.

Guinn & Guinn, of Rusk, for appellee.

HALL, Chief Justice.

This is an action for divorce brought by appellee, Silas Jinks, against appellant, Nar-

cis Jinks, alleging cruel treatment as grounds therefor. Appellant joined the issue in her answer and by cross-action alleged that appellee and appellant were joint owners of a home in the City of Jacksonville, against which there was a deed of trust lien of $2,100; that appellee had discontinued payment on said indebtedness; that he had also refused to pay the balance due on certain household furniture; and that appellant was forced to borrow the sum of $74.50 with which to pay the balance owing on said furniture. Appellant also alleged that appellee was working for the railroad company regularly, drawing a good salary, and for many years had been paying into the railroad retirement fund from his earnings and that said fund constituted community property. Appellant alleged further that she was old, unable to work and support herself and that appellee was able to make payments upon the indebtedness due on their home and provide for her support. In her amended cross-action appellant averred that their home had been sold at trustee's sale to one B. A. King, the holder of the note and lien against same; that she had been forced to vacate said home and find a house elsewhere at a rental of $10 per month. Appellant in her prayer for alimony sought the following items: $10 per month for rent, $60 for cooking and heating connections and equipment, $15 for fuel and $50 for food, clothing and medicines, making a total, after utility connections and equipment are deducted, of $75 per month. In addition she asked for $150 as attorney's fees for defending this suit. The trial was to the court without a jury, which resulted in judgment for appellee for a divorce from appellant, awarding all household and kitchen furniture to appellant and taxing all costs against appellee.

■■■ By point two appellant contends that the court erred in refusing to file additional and amended findings of fact as requested by defendant. As stated by appellant in her brief, she "Took the position in this case from the beginning that appellee, without any justifiable reason or legal grounds therefor, was seeking a divorce from this appellant in order that he might remarry another woman, take over the home located in the city of Jacksonville, the community property of appellant and appellee and, as well, begin drawing retirement income from the T. & N. O. Ry. Company, under the Railroad Retirement Act without accounting to appellant in this case for anything."

Quite naturally appellee takes the opposite view and says: "The whole tenor of defendant's complaint here and in the trial court is nothing but her stubborn resistance to harvesting the crop which she has planted in her cruel treatment of the plaintiff which drove him from her. Having sown dissension, strife, premeditated and designed cruelty for this plaintiff, she finds herself in the unpleasant situation of having killed the goose that laid the golden eggs."

Thus it is seen that the trial court was faced with an unenviable task of correctly weighing and passing upon the credibility of the witnesses which must have been produced from such divergent viewpoints. No statement of facts has been brought forward. Appellant in due time requested the trial court to file findings of fact and conclusions of law, which it did. Not being satisfied with the court's findings, appellant requested other and additional findings of fact, and certain amendments to the facts already found by the court. This request was denied. The facts found by the court, too lengthy to copy here, are in our opinion amply sufficient to support the judgment for divorce on the ground of cruel treatment. This being true, the action of the court in refusing to find the additional facts or to make amendments to those already found as requested by appellant, does not present error. In Grant v. Pendley, Tex. Civ.App., 88 S.W.2d 132, 135 (writ dismissed) it is said: "It is not proper or necessary for the trial court to make specific findings on every controverted fact, unless the same goes to the controlling issues as raised, and unless the findings as made fail to include sufficient findings upon which to adjudicate the rights of the parties."

. Furthermore, we are unable to determine whether the requested additional facts find support in the record, since as stated above, no statement of facts is brought forward. Connell v. Nickey, Tex.Civ.App., 167 S.W. 313; Hooser v. G. M. Carlton Bros. & Co., Tex.Civ.App., 288 S.W. 1095, and cases

there cited. This point is overruled. Points one, three and four assert that the court should have continued the case and awarded temporary alimony to appellant and that the evidence was insufficient to support a judgment. We shall discuss first the action of the court in refusing to continue the case in order to afford appellant alimony.

Appellant's contention seems to be that the trial court should have continued the cause indefinitely and awarded alimony to her for "a period of time that would have been reasonable and proper." There is no merit in this contention for two reasons. First, we know of no rule of law which would authorize a trial court to continue a case indefinitely so as to grant a defendant alimony for "a period of time that would be reasonable and proper." This would in effect amount to permanent alimony which neither the statutes nor the decisions of this State permit. R.S. Art. 4637; Bond v. Bond, 41 Tex.Civ.App. 129, 90 S.W. 1128. It would permit the court to do indirectly what it could not do directly. Second, the matter of granting or refusing a continuance is generally addressed to the sound discretion of the trial court and there is nothing in this record showing an abuse of such discretion. Rule 251, Texas Rules of Civil Procedure, provides: "No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit * * *."

The record does not show compliance with the above rule with respect to the motion being supported by affidavit. It has been held in this State very recently, that where the motion does not in every way comply with the rule the presumption is that the court did not abuse its discretion. Piedmont Fire Ins. Co. v. Dunlap, Tex.Civ. App., 193 S.W.2d 853. So under the record presented to us no error is shown in the refusal by the trial court to grant appellant's motion to continue.

Appellant next asserts that the evidence before the trial court was insufficient to support the judgment of divorce and our attention is directed to the facts set out in appellant's bill of exception No. 2. In bill of exception No. 2 is set out in detail the additional facts appellant sought to have the trial court find. We cannot consider these statements as evidence in the record for the reason a bill of exception cannot substitute for a statement of facts with respect to the evidence introduced in the case. In St. Paul Fire & Marine Ins. Co. v. Earnest, Tex. Civ.App., 293 S.W. 677, 681, it is said: "It is true that the record contains an order entered by the trial court overruling the motion for new trial, which recites that the appellant excepted and gave notice of appeal, but, as stated, there is no statement of facts in the record. The rule is established without dissent in this state that a bill of exception cannot supply a statement of facts, however full its recital of facts may be. Carolan v. Jefferson, 24 Tex. [229], 230; Roundtree v. City of Galveston, 42 Tex. 612; Dull v. Drake, 68 Tex. 205, 4 S. W. 364; Cates v. McClure, 27 Tex.Civ.App. 459, 66 S.W. 224; Colley v. Wood, 32 Tex. Civ.App. 306, 74 S.W. 602; Texas Midland Ry. Co. v. O'Kelley, Tex.Civ.App., 203 S.W. 152; Rhoades v. El Paso & S.W. Ry., Tex. Civ.App., 230 S.W. 481; Parrish v. Parrish, Tex.Civ.App., 280 S.W. 901."

In our opinion one of the clearest statements of this rule is found in Dull v. Drake, 68 Tex. 205, 4 S.W. 364, wherein it is said: "We have repeatedly held that we will not revise the action of a district judge in admitting or rejecting evidence when there is no statement of facts in the record. In this case it is attempted to make the bill of exceptions serve the purpose of a statement of facts by incorporating into it evidence admitted upon the trial, and by this method to show the importance of the rejected testimony. We know of no authority for bringing to the knowledge of this court the facts proved upon a trial of the cause through the medium of a bill of exceptions. Such a bill brings to our attention rejected testimony, or such as has been admitted over objection; but such as was introduced without complaint, and formed part of the case made before the court or jury, must find its place in the statement of facts; otherwise it will not be noticed."

We are not unmindful of the provisions of Rule 372 (k), T.R.C.P., to the effect that where there is a conflict between the pro-

visions of a bill of exception and those of the statement of facts the bill of exception controls. See Texas Employers Insurance Association v. Boyd, Tex.Civ.App., 199 S. W.2d 257. We have no such situation here. As said before, there is no statement of facts with which to compare the bill of exception so as to determine whether error was committed. These points are overruled.

After a careful examination of this record and the able briefs of both parties, we have reached the conclusion that the judgment of the trial court must be affirmed. However, we must state that such affirmance is, as far as we are able to make it, without prejudice to the right of appellant to litigate her rights to the railroad retirement fund accumulated through the years from community funds of appellant and appellee.

The judgment of the trial court is affirmed.