**PROVIDENT AMERICAN INSURANCE COMPANY, Appellant,**

**v.**

**T. P. (Red) SARGENT, Appellee.**

**No. 4869.**

Court of Civil Appeals of Texas, Waco.

Feb. 12, 1970.

Rehearing Denied March 5, 1970.

G. H. Kelsoe, Jr., Dallas, for appellant.

W. A. Keils, Jr., Teague, for appellee.

## OPINION

HALL, Justice.

Appellee, plaintiff in the trial court, recovered judgment against appellant for $350.00 allegedly under the terms of an "indemnity insurance contract" with appellant regarding certain medical expenses incurred by appellee.

■ Trial was non-jury. No express findings of fact, nor any request therefor, are in the record. Presumptively, therefore, all necessary fact findings were made by the trial court, under the evidence, in support of the judgment. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613, 23 A.L.R.2d 1114 (1950).

The case is before us without a statement of facts.

Appellant's only complaints on appeal are that the evidence is legally insufficient to support five implied findings which appellant contends were necessarily made by

the trial court, under the pleadings, in support of its judgment.

"The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts." Englander Co., Inc. v. Kennedy (Tex.Sup., 1968), 428 S.W.2d 806, 807.

There is in the record a bill of exception which was apparently intended by appellant to serve as a statement of facts as well as a bill of exception. However, it does not bear the approval or agreement of appellee or his counsel, nor any authentication as a statement of facts.

It is the settled rule in this state that a bill of exception cannot be used on appeal as a medium for supplying a statement of facts, however full the recital of facts in the bill might be. Carolan v. Jefferson, 24 Tex. 229, 232 (1859); Roundtree v. City of Galveston, 42 Tex. 612, 623–624 (1875); Dull v. Drake, 68 Tex. 205, 4 S.W. 364 (1887); Cates v. McClure (1901, writ refused), 27 Tex.Civ.App. 459, 66 S.W. 224; Texas Midland R. R. v. O'Kelley (Tex.Civ.App., 1918, writ dism.), 203 S.W. 152, 153; Rhoades v. El Paso & S. W. Ry. Co. (Tex.Civ.App., 1921, no writ hist.), 230 S.W. 481, 482; Parrish v. Parrish (Tex.Civ.App., 1926, no writ hist.), 280 S.W. 901, 902; Trevino v. Southland Greyhound Lines, Inc. (Tex.Civ.App., 1933, writ dism.), 57 S.W.2d 281, 282; Preibisch v. Lay (Tex.Civ.App., 1938, no writ hist.), 122 S.W.2d 670, 671; Jinks v. Jinks (Tex. Civ.App., 1947, no writ hist.), 205 S.W.2d 816, 818.

In any event, if treated as a statement of facts, the bill of exception does not purport to contain all evidence adduced on the trial. By its terms, it contains only the testimony, in question and answer form, of appellee, and the certification that "no other witness testified in this cause."

The record of the testimony in the bill shows that other evidence, which is not attached to or incorporated in the bill, was introduced at the trial. Therefore, at most, the bill contains an incomplete statement of the facts. Presumptively, other evidence was before the trial court that supported the findings challenged by appellant, or that supported some other basis for the judgment.

The judgment is affirmed.