**McLENNAN COUNTY, Texas, Appellant,**

v.

**AMERICAN NATIONAL INSURANCE COMPANY, Appellee.**

No. 4914.

Court of Civil Appeals of Texas, Waco.

July 30, 1970.

Rehearing Denied Aug. 27, 1970.

W. C. Haley, Waco, for appellant.

David Kultgen, Bob Houser, W. V. Dunnam, Jr., James F. Greer, Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by McLennan County, from an order of the 54th District Court entered March 20, 1970, overruling a motion by McLennan County "to reform and correct" a judgment entered March 3, 1970, in cause 39505, American National Insurance Company v. Margaret H. Bennett, Individually and as Trustee, et al.

American National Insurance Company filed cause 39505 against Margaret H. Bennett and others (five of whom were minors) as a bill in interpleader, admitting liability to defendants in the amount of $50,000. due defendants on a policy of insurance on the life of K. C. Bennett, deceased, and tendered the $50,000. into the registry of the court. Defendants filed a cross-action for asserted additional moneys due.

Defendants moved the court to order the $50,000. invested in certificates of deposit with the Citizens National Bank of Waco bearing 5% interest for the benefit of the 14 named defendants. On March 14, 1967 the court ordered the $50,000. invested in certificates of deposit with the Citizens National Bank of Waco for the use and benefit of the 14 named defendants, and ordered that they assume complete responsibility for all reports of income from such investment. Such was done.

Thereafter on March 3, 1970 the trial court entered an agreed judgment in cause 39505 disposing of all issues in such cause, and ordering the clerk to deliver to the defendants the certificates of deposit, plus accrued interest.

On March 10, 1970 McLennan County, not a party to the case, filed motion in

such cause moving the court to set aside the judgment of March 3, 1970 insofar as the interest on the $50,000. certificates of deposit was concerned, and order such interest paid to McLennan County pursuant to Article 2558a, Sec. 4a Vernon's Ann. Tex.St.

On March 20, 1970 the trial court overruled such motion.

McLennan County appeals asserting "the trial court erred in refusing to order interest accumulated by the District Clerk during the pendency of the suit on the $50,000. paid in to the Clerk on the original interpleader suit and instead ordered said sum paid to the litigants in said suit."

McLennan County asserts that Article 2558a, Section 4a., controls and is determinative that the interest on the $50,000. certificates of deposit should be paid to McLennan County.

Sections 1, 2, 3 and 4 of Article 2558a provides for the designation and qualification of a specific Bank as County Depository; and Section 4a provides:

"The Commissioners Court of each county * * * is authorized to place on time deposit with the depository bank for trust funds in the possession of County and District Clerks of such County, [not required for immediate payment]. * * * *The Commissioners Court is authorized and directed to receive all interest so earned on time deposit of such trust funds and to place all such interest into the General Fund of the County* as on offset to the expenses of handling such trust funds for the benefit of litigants." (emphasis added).

■ We overrule McLennan County's contention. McLennan County was not a party to cause 39505. Final judgment by agreement was entered between the parties to such cause on March 3, 1970. McLennan County never intervened in such cause or complied in any manner with Rules 60 and 61 Texas Rules of Civil Procedure. The attempted intervention was by way of motion filed after judgment between all parties to cause 39505. No plea of intervention could be filed in the cause until and unless the District Judge set aside his judgment of March 3, 1970, and this he refused to do. See Comal County Rural High School Dist., 705, et al., v. Nelson, et al., 158 Tex. 564, 314 S.W.2d 956; Mast v. Shipp, Tex.Civ.App., CCA, Er. Dis. Judgment Cor., 123 S.W.2d 980. See also: 37 A.L.R.2d p. 1340, 44 Tex. Jur.2d p. 193; 1 McDonald Tex. Civil Practice, Sec. 3.48.

And the County Commissioners knew of the order of March 14, 1967 from a few days after its entry, and made no effort for 3 years to intervene in the case.

■ Moreover, Article 2558a, Section 4a., is not determinative here. Such article provides that where trust funds are deposited in the *County Depository Bank* that the Commissioners Court is authorized and directed to receive interest earned and place same in the General Fund of the County.

The National City Bank of Waco was the County Depository Bank; but the Judge of the 54th District Court on March 14, 1967 ordered the $50,000. invested in certificates of deposit with the Citizens National Bank of Waco, Texas for the use and benefit of the named defendants. The trial court could as well have created a special trust by ordering the funds to be held by some individual as a trustee for the benefit of the named defendants.

The order of March 14, 1967 established a specific trust for the benefit of the named defendants. Such order constituted a withdrawal of the money from the "trust funds" on deposit with the County, and precluded the funds from being "trust funds" within the preview of Article 2558a, Section 4a. Such statute applies only to trust funds which are in the County Depository Bank, and when the District Court

established and created the special trust, such funds were validly removed from the category of trust funds governed by Article 2558a, Section 4a.

■ Finally, there is no Statement of Facts before this Court. The only Statement of Facts before this Court is an instrument designated as McLennan County's Bill of Exception No. 1. It does not purport to be a complete Statement of Facts; it is conclusive that it is only a partial Statement of Facts; and it cannot be construed to be an agreed Statement of Facts.

■ It is the settled rule in this state that a Bill of Exception cannot be used as a medium for supplying a Statement of Facts, however full the recital of facts in the bill might be. Provident American Ins. Co. v. Sargent, Tex.Civ.App. CCA W/E Dism'd., 451 S.W.2d 773 (and numerous authorities cited under point 4.).

■ Absent a Statement of Facts or a complete Statement of Facts it must be presumed on appeal that evidence supports the judgment of the trial court. Thrasher v. Hensarling, Tex.Civ.App., CCA (n. w. h.) 406 S.W.2d 515; Baker v. Rutherford, Tex.Civ.App., CCA (n. r. e.) 293 S.W.2d 669; Englander v. Kennedy, Tex., 428 S.W.2d 806.

The judgment is correct.

Affirmed.

HALL, Associate Justice, not participating.